PROFFITT *et al.*, Appellants, v. HENDERSON, Respondent.

1. Waste is a lasting damage to the reversion caused by the destruction, by the tenant for life or years, of such things on the land as are not included in its temporary profits.
2. The cutting of timber may be waste although necessary to the profitable enjoyment of the land; it may be waste although the land is valuable for timber only.

*Appeal from Randolph Circuit Court.*

This was an action by two of the children of David Proffitt, deceased, against John H. Henderson. Plaintiffs alleges in their petition that David Proffitt at his death was seized of a certain tract of two hundred acres; that by his last will he devised said land to his widow Mary Proffitt for life, and at her death to his children John, Lucy, Elizabeth and Susan;

that said Mary Proffitt, the widow, conveyed her interest in said land to defendant Henderson for fifty dollars; that Lucy Proffitt conveyed her interest also to defendant; and that this portion, one-fourth, has been allotted in partition to defendant; that on the remaining one hundred and fifty acres defendant, on, &c., and since, &c., committed waste and injury to said land, by cutting and carrying away timber, to the amount of six hundred dollars; that the value of said land was diminished by having said timber cut and carried away as aforesaid to the amount of six hundred dollars; that all the valuable rail timber on said land, and a large quantity of fire-wood, were wrongfully and unlawfully cut and carried away from said land by the defendant; that by said waste and injury plaintiffs were damaged to the amount of four hundred dollars, which is two-thirds of the damages sustained to those who own the remaining interest in said land by the waste and injury aforesaid; that the value of the rail timber and fire-wood cut and carried away unlawfully and wrongfully by defendant is three hundred dollars; that plaintiffs are injured by losing the value of the timber thus cut and carried away to the amount of two hundred dollars, which is two-thirds of the damage sustained as aforesaid; that they are damaged by the diminution in value of said land by the acts and doings above stated to the amount of four hundred dollars, and by losing the value of the timber as aforesaid to the amount of two hundred dollars; that plaintiffs are each entitled to one-third of the tract of one hundred and fifty acres at the death of Mary Proffitt. Plaintiffs prayed judgment for six hundred dollars, and that defendant be enjoined from cutting timber.

The court sustained a demurrer to this petition. This constitutes the error complained of.

*Reed & Denny*, for appellants.

I. The court erred in sustaining the demurrer. (See Sedgw. on Dam. § 139, 146; 4 Ohio, State, 101; 4 Burr, 2141.)

*Burckhartt*, for respondent.

I. The petition does not state that the cutting of the timber was not necessary for the profitable enjoyement of the land. The fact that the land was injured was not sufficient. The tenant for life has a right to enjoy the land although it may be thereby injured. There is no allegation that the cutting of the timber was not made to clear the land for cultivation. The law of waste, as recognized in England, does not apply. The land was devised to Mary Proffitt for life for her support. She had a right to use it to the best advantage for that purpose. (3 Yeats, 261; 2 Hayw. 110; Hill on Real Pro. 263.) The petition does not show that the land was valuable for any purpose except its timber. (1 Harr. 438; 2 N. J. 521; 4 Watts, 463.)

EWING, Judge, delivered the opinion of the court.

Waste is defined to be the destruction of such things on the land by a tenant for life or years as are not included in its temporary profits. In other words, it consists in such acts as tend to the permanent loss of the owner in fee, or to destroy or lessen the value of the inheritance. (1 Hill. on Real Prop. 261.) The American doctrine on the subject of waste, observes Chancellor Kent, is somewhat varied from the English law, and is more enlarged and better accommodated to the circumstances of a new and growing country. In England the destruction of timber carries with it the idea of a permanent injury to the estate, as timber is scarce, and forest trees are planted for useful as well as ornamental purposes, and are too valuable to permit the timber to be unnecessarily destroyed. It is not waste in this country to convert arable land into meadow, nor vice versa; nor is it waste to clear land by a tenant for life. But there is a due and reasonable medium to be observed according to the custom of farmers. To cut down all the timber on a tract of land and sell it would be waste because it would be detrimental to the inheritance. (McCullough v. Irvine's Ex'rs, 1 Har-

ris, 446.) But cutting timber and clearing land may, so far from being waste, often enhance the value of the inheritance; and it is only when there is lasting damage to the reversionary interest, or its value has been lessened, that the tenant, in such case, is liable for waste.

In Davis v. Gillman, 5 Ired. Eq. 311, the doctrine is stated by Chief Justice Ruffin thus : that, as the state of the country now is, a tenant for life of land entirely wild might clear as much of it for cultivation as a prudent owner of the fee would ; and might sell the timber that grew on that part of the land. Clearing for cultivation, he says, has, according to the decisions, peculiar claims for protection, and a sale of the timber from the field cleared may be justly made in compensation for clearing and bringing it into cultivation. But it seems altogether unjust that a particular tenant should take off the timber without any adequate compensation to the estate for the loss of it ; for he takes in that case not the product of the estate arising in his own time, but he takes that which nature has been elaborating through ages, being a part of the inheritance itself, and that, too, which imparts to it its chief value.

The rule of pleading in such actions as this, is that if the plaintiff declare as reversioner for an injury done to his reversion, the declaration must allege it to have been done to the damage of his reversion, or must state an injury of such a permanent nature as to be necessarily injurious to his reversion. (Jackson v. Peshed, 1 M. & S. 221 ; Potts v. Clark, 1 Spencer, 542 ; 2 Dutcher, 266.) Are the acts complained of as wrongful of such a nature as necessarily to result in an injury to the reversionary interest ? The petition charges that the defendant cut down and carried away all the valuable rail timber, and that the value of the timber so carried away is three hundred dollars, and that the land in consequence thereof is diminished in value to the amount of six hundred dollars.

It is objected that the petition fails to show that the cutting of the timber was not necessary to the profitable enjoy-

ment of the land, or that it was not done for the purpose of cultivation, and that it is not alleged that the land is valuable for any purpose except the timber. As it respects the first of these objections to the petition, it is conceived that the profitable enjoyment of the land is not the proper criterion to determine the question of waste. There may be waste where there is such profitable enjoyment, and there may be profitable enjoyment without waste. The cutting of the timber may have been necessary to the profitable enjoyment of the land according to the tenant's standard of profit, and yet have been a great outrage upon the rights of the reversioner. It may have been more profitable to the tenant to have cut down and taken away the valuable timber, as the petition alleges, than to have used it in clearing the land or some portion of it. As to the next objection that the petition is defective in not alleging that the timber was not cut for the purpose of cultivation, we think it clearly appears, though not so expressly stated, that it was not for this purpose. The defendant had purchased the interest of one of the owners in fee, being one-fourth of the tract of two hundred acres, which, under an order of partition, had been set-off to him, and thus merged his life estate as to that part in the fee, and upon the remaining portion of said tract, one hundred and fifty acres, the waste is alleged to have been committed. And the averment that all the valuable rail timber was cut down and carried away clearly enough negatives the idea of its having been used in clearing the land or for any other purpose on the premises. The other objection, that there is no allegation that the land was not valuable for any other purpose except timber, is not well taken; for if the land is valuable for the timber only, it would surely be waste for a tenant to cut and carry away all the timber of any value. If useful for the timber alone, the tenant must in that case, as in all others, respect the rights of the owner of the inheritance, and his enjoyment of it must be regulated accordingly. The other judges concurring, the judgment will be reversed and the cause remanded.