SAMUEL COLCORD *et al.* ·

*v.*

JAMES W. SYLVESTER *et al.*

1. INJUNCTION BOND—*disobeying writ does not defeat an action on the bond.* In a suit upon an injunction bond, to recover as damages the expenses and costs incurred in defending the injunction proceeding, which was to enjoin the plaintiffs from selling or disposing of certain lands, it appeared that the plaintiff, before the dissolution of the injunction, disobeyed the writ by selling the lands: *Held,* that, by such disobedience of the mandate of the writ, the parties became amenable to the action of the court for a contempt, but that the same did not operate to defeat their right of action for a breach of the conditions of the bond, to recover such damages as they had actually sustained.

2. SAME—*not subject to rules applicable to contracts.* An injunction bond is an undertaking to which the obligees are unwilling parties, and is not a contract of their making. By it, they do not undertake that they will obey the writ. Hence, the strict rules applicable to contracts mutually entered into, which prohibit the party violating his contract from maintaining an action on the same, has no application to such a bond.

APPEAL from the Circuit Court of Bond county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. S. A. PHELPS, for the appellants.

Mr. G. B. BURNETT, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the Bond circuit court, on an injunction bond, brought by James W. and George W. Sylvester against Samuel Colcord.

The condition of the bond recites that Colcord had obtained a writ of injunction from the circuit court of Bond county, restraining and enjoining the Sylvesters from selling, conveying, alienating or otherwise disposing of certain lands described in the bill, until the court shall make further order to the contrary; and the obligation was, if Colcord should pay or cause to be paid the Sylvesters all such damages as they might sustain by reason of issuing the injunction, and all such costs and damages as might be awarded against the complainant in case the injunction should be dissolved, then the obligation was to be void.

It appears the injunction was dissolved and the bill dismissed, and the following, among other breaches, was assigned: That plaintiffs were put to great trouble and expense in employing and feeing solicitors to defend against the bill of complaint, and that they paid to solicitors, for defending against the same, the sum of two hundred dollars, and that costs were awarded against the complainant in the injunction to the amount of two hundred dollars, neither of which sums had been paid by the defendants, and all which were occasioned by his suing out said writ of injunction.

There were other breaches, averring damages suffered to a large amount by reason of the loss of sales of the land whilst the injunction was in force.

The defendants pleaded to the whole declaration, *nil debet, non damnificatus,* and a third plea craving *oyer* of the condition, and say *actio non,* because they say that the plaintiffs, during the pendency of the injunction suit, and before the

same was dissolved, did sell and convey and dispose of the lands described in the bill of complaint to divers persons for full value, disregarding and disobeying the order of court in the writ contained.

There were issues made up on these pleas, and tried by a jury, resulting in a verdict for the plaintiffs for the debt in the declaration mentioned, to be discharged by the payment of two hundred and twenty dollars damages. A motion for a new trial was overruled, and judgment rendered on the verdict, to reverse which the defendants appeal, assigning various errors.

We do not deem it necessary to discuss all the errors assigned, as a few considerations applicable to the case are decisive of it.

The main point in controversy arises on the special plea, on which an issue of fact was made up.

Appellants contend that no action can be maintained on an injunction bond, if the writ of injunction has been disregarded by the party on whom it was served. We fail to perceive the soundness of this position. The condition of the bond is one thing, the service of the writ another and an entirely different thing. By the service of the writ, the party against whom it is directed is under the mandate of the court, which he must regard at his peril. We have not found a case where his disobedience has deprived him of his right of action on the bond, or the determination of the injunction, if determined in his favor. This is the only question raised by the pleadings in the case.

If the party enjoined disobeys the writ, he is amenable to the action of the court as for a contempt. But, in this case, the plaintiffs did not seek to recover any damages for being restrained from selling the land, their claim being limited to the expenses and costs incurred in defending in the injunction proceeding only. These they clearly had the right to recover, though they may have disobeyed the injunction by selling the land.

The whole case shows an injunction should not have been granted in the first instance upon the statements in the bill of complaint. No facts amounting to fraud are disclosed in the bill, and no sufficient grounds shown for the interposition of a court of equity. But this would not justify the defendants in the injunction in disobeying the writ. They were bound to obey it while it was in force, without further inquiry; yet their disobedience will not deprive them of their action on the bond to recover such damages as they have recovered.

We have examined the cases referred to by appellants, decided by this court, but do not perceive they have any particular bearing on the question raised in this case. They nowhere decide that obedience to the writ of injunction is a necessary prerequisite to a claim for damages on the injunction bond. Nor do we perceive the force of the position taken by appellants, that the injunction bond is a contract. The bond was given by the appellants, to which appellees were an unwilling party. It is not, then, a contract of their making; it is not one into which they have voluntarily entered, and therefore the strict principles applicable to a contract mutually and willingly entered into by competent parties can not be extended to such a case as this.

It can not be said appellees, if they disobeyed the writ, did not perform their contract. If the bond be a contract, it is one of appellants' making. They were the contracting party, and the extent of their undertaking was to pay appellees all such damages as they might sustain by reason of issuing the injunction, and also all such costs and damages as might be awarded them, and this without any reference to the regard appellees might pay to the writ. There is no undertaking on their part that they will obey the writ, whilst there is a positive undertaking by appellants that they will pay all damages occasioned by issuing the writ. The writ which issued against them can not be claimed to be a contract. The citations from our reports of the law in relation to contracts, are not to the point, according as we view this case.

If the writ of injunction was disobeyed, the court awarding the writ will deal with the parties committing the contempt according to the exigencies of the case, but we are satisfied it did not deprive the appellees of their right of action for damages sustained by them in defending in court against the injunction.

Upon the question of evidence, we think it was abundantly proved, and in a legal manner, that a writ of injunction had issued. The original bill praying an injunction was introduced in evidence, and the order of the master in chancery thereon awarding the writ. The clerk of the court testified the writ was issued, and the copy served by the sheriff was produced in court by one of the appellees, who testified that the sheriff read to him the original writ at the time of leaving the copy.

The action being on the bond, we think the proof of the preliminaries was sufficient.

What we have said disposes of all the material points raised in the case.

Seeing no error in the record, the judgment must be affirmed.

*Judgment affirmed.*