DAVID VANHOOZER ET AL., Appellants, v. MARY VAN-HOOZER, Respondent.

Kansas City Court of Appeals, May 25, 1885.

1. PLEADING—SUFFICIENCY OF AVERMENTS.—In the averments of a petition it is not necessary or even proper to plead argumentatively, nor to make a statement of the proof, but only the constitutive facts entitling the party to relief. In the case of a reversioner against a dowress (as in this case), " the rule of pleading is, that if the plaintiff declares as reversioner for an injury done to his reversion, the declaration must allege it to have been done to the injury of the reversion, or must state an injury of such permanent character as to be necessarily injurious to his reversion." *Praffitt v. Henderson*, 29 Mo. 325.'

2. DOWRESS—DUTIES OF CONCERNING WASTE.—Whether there be any proceedings against her or not, a dowress must not, at any time, during the continuance of her estate, in the case of land and timber, do more clearing than is necessary to the legal and proper enjoyment of her estate in dower.

3. DAMAGES—SUIT ON INJUNCTION BOND—DISOBEDIENCE TO WRIT NO DEFENCE.—It is no defence in a suit on an injunction bond to show that the order of the court was not obeyed by the person enjoined. Obedience to the writ is not a condition to a recovery on the bond. If the writ has not been obeyed, it is for the court in a proceeding for contempt, and not a defence on the bond. Doing things which the writ commands not to be done may prevent damages accruing which would have resulted if the writ had been obeyed; and a party enjoined would, of course, be unable to show damages in that respect as a consequence of the injunction.—High on Injunctions, sect. 1654; *Calcord v. Sylvester*, 66 Ill. 540.

APPEAL from Buchanan Circuit Court.—HON. JOS. P. GRUBB, J.

*Reversed.*

The facts are sufficiently stated in the opinion of the court.

VINTON PIKE and JAS. F. PITT, for the appellants.

I.   The petition is sufficient.  It discloses two estates in the same land intimately connected, sets out the interest of the parties, the value of the timber to the inheritance, its threatened destruction and the insolvency of the defendant.   An injunction is prayed for the preservation of one estate, without interference with the other. *Chrisman v. Heiderer*, 5 Col. 589 ; *McPike v. West*, 71 Mo. 199 ; *McKinzie v. Mathews*, 59 Mo. 99 ; High on Injunctions, sects. 438, 857, 865, 866 ; Kent's Com., vol. 4, side p. 76 ; *London v. Warfield*, 5 J. J. Marsh 296 (Ky.)

II.   The motion for new trial should have been sustained, because, if, as plaintiffs offered to show, defendant had not been actually restrained, but had continued to do the injury contemplated, in violation of the letter and spirit of the writ, she was not damaged by the proceeding, and has no right to charge upon the injunction bond her expenses and attorney's fees in defending a suit. The maxim *actus legis nemine facit injuriam* applies. The plaintiffs had a right to sue and are not liable in case of failure for more than costs, unless in a proper case it is shown that they abused the process of the court. · The verdict is excessive because it includes attorney's fees and defendant's expenses at the preliminary hearing. *Bircher v. Parker*, 40 Mo. 118 ; *Hotchkiss v. Platt*, 15 N. Y. 46 ; *Bustamente v. Stewart*, 55 Cal. 115 ; *Kerber v. Merc. Bk.*, 4 Mo. App. 195 ; *Iron M. Bk. v. Merc. Bk.*, 4 Mo. App. 505.

RAMEY & BROWN, for the respondent.

I.   The only questions in this case are, 1.  Was the demurrer to the petition properly sustained ?  2.  Did the court err in excluding the evidence offered by plaintiff, to show that defendant had been guilty of contempt of the process of the court ?

II.   "Dower is the provision which the law makes

for a widow out of the lands and tenements of her husband, *for her support and the nurture of her children.*" 1 Washb. Real Prop. (4th Ed.) p. 184, side p. 146 ; 2 Black Com. 180. The very definition of this estate implies the right *to use the lands* for the purpose for which the estate was created. It is inconsistent with the idea of imposing upon the widow the burden of caring for and paying taxes upon wild and uncultivated lands, from which she can derive no income. *Jackson v. Bowman,* 7 Johnson 225. In all the states in which the widow is dowable of wild or timbered lands, it is held that she may clear for purposes of cultivation, a reasonable proportion of the lands set out to her. 4 Kent's Com., side p. 763 ; 1 Washb. Real Prop. (4th Ed.) p. 143, side p. 110 ; 1 High on Injunctions, sect. 675 ; *Praffitt v. Henderson,* 29 Mo. 325 ; *Davis v. Gillman,* 5 Iredell Eq. 311. The petition does not state that these acts were not done for purposes of cultivation. No such specific information is furnished by it to the court to enable it to make an intelligent order restraining defendant ; the terms of the restraining order furnish the best illustration we can offer of the insufficiency of the petition.

III. As to *the exclusion of evidence,* there was no evidence on this issue for any damage resulting to respondent by reason of having been compelled to obey the restraining order of the judge in vacation, and *no attempt to recover such damages.* The bill of exceptions shows that the only damage claimed or to which evidence was directed was the expense incurred in the litigation, including attorney's fees ; that these were proper elements in the assessment of damages is well settled. 2 High on Injunctions, sect. 1685 ; *Hale v. Meegan,* 39 Mo. 272-7 ; *Kennedy's Adm'x v. Hammond,* 16 Mo. 341 ; *Uhrig v. St. Louis,* 47 Mo. 528 ; *McKinzie v. Mathews,* 59 Mo. 99 ; *Bircher v. Parker,* 40 Mo. 118 ; *Buford v. Packet Co.,* 3 Mo. App. 159. The question then is whether the fact that respondent had committed a contempt of court by disobeying the order in a matter having no connection with the damages proved or claimed, ought to defeat in

whole or in part her remedy on the bond for expenses actually incurred in securing the dissolution of the injunction? The authorities conclusively sustain a negative answer. 2 High on Injunctions, sect. 1654; *Calcord v. Sylvester*, 66 Ill. 540; *Fowler v. Scott*, 11 Ark. 675; *Andrews v. Woollen Co.*, 50 N. Y. 282.

IV. The claim that the verdict is excessive, because it includes the attorney's fees and expenses at preliminary hearing is not raised in the record, and need not be argued here. The record does not show any objection made to the evidence by the appellant, and does not show it was considered in assessing damages, and the motion for new trial does not even mention it.

Opinion by ELLISON, J.

This is an injunction proceeding based on the following bill: "Your petitioners, the plaintiffs, in the above entitled cause, would respectfully present, that on the ———— day of ————, 1881, by a decree of the circuit court of Buchanan county, the defendant, Mary VanHoozer, was adjudged for and during her natural life to have her dower, as the widow of Isaac VanHoozer, deceased, in the following real estate lying in Buchanan county, to-wit: Eighty acres, the east half of the southeast quarter of section 1, township 55, range 37, and twenty acres off the west side of the southwest quarter of section 6, in township 55, range 36, being lot 3, according to the surveyor's report. That plaintiffs are heirs of the said Isaac VanHoozer, deceased, and reversioners, and as such, plaintiff, David VanHoozer, is the owner in fee of one undivided forty-ninth part of said real estate, and plaintiff, William P. VanHoozer, is the owner in fee of eight undivided forty-ninth parts of the same, and plaintiffs state that the lands above described are heavily timbered; that about one-half of them is used for cultivation, and for *messuages*, and the balance of said lands, about fifty acres, is in timber; that said timber consists of hard and soft wood, the most valuable kinds usually found in this county, and is of peculiar importance and

value to the inheritance and in connection with the lands, said timber being about one-half in value of the entire value of the entire estate described. And plaintiffs say that defendant is now and has been in possession of said lands since the date of the decree aforesaid, and is now and has been in violation of her rights as dowress and tenant for life, destroying and threatening to destroy said timber in large quantities, so as to commit great waste upon the premises, and do irreparable injury and damage to the estate and to the interests of these plaintiffs; that defendant is insolvent and has proceeded to cut and deaden said timber in a manner and in quantities unnecessary to the legal and proper enjoyment of her dower in said lands, and does so continue to do, and threaten great waste upon the premises, and irreparable damage to the estate and interest of the reversioners, these plaintiffs. Wherefore, they pray that a temporary order, returnable to the September term of the circuit court, 1882, may issue, restraining defendant and enjoining her, her agents, servants, or attorneys, from cutting or deadening said timber for the purpose of clearing the land for cultivation, or for the purpose of removing said timber from said lands, except as may be necessary to a proper enjoyment of her life estate, and to restrain and enjoin her or them from committing waste or spoil upon the premises described, and for other and proper relief."

At the return term the defendant demurred to the bill on the following grounds:

*First.* Because the petition does not state facts sufficient to constitute a cause of action.

*Second.* Because defendant is in possession as dowress, and it is not shown that she has done or threatens any act or injury to the inheritance, not necessary to the proper enjoyment of her dower.

*Third.* Because the petition shows that the destruction of timber is necessary to the full enjoyment of her dower, and fails to show that she has done or threatens anything not necessary to such enjoyment.

The demurrer was sustained by the court and plain-

tiff refusing to plead further, judgment was rendered for defendant, and the court proceeded to award damages to the defendant as is provided in such cases.

Though we do not consider this bill as one which it would be desirable to follow as a precedent in such cases, yet we are inclined to hold it sufficient. It states defendant is committing waste, but does not stop at the mere statement. It proceeds to show how she is committing it by destroying and threatening to destroy large quantities of timber, in violation of her rights as dowress, to the irreparable injury of the estate and to plaintiffs' interests as reversioners.

It is not only unnecessary, but would be improper, for plaintiffs to enter into an argument in their petition, or to make a statement of their proof in the premises. "The rule of pleading in such actions as this, is that if the plaintiff declares as reversioner for an injury done to his reversion, the declaration must allege it to have been done to the injury of the reversion, or must state an injury of such permanent character as to be necessarily injurious to his reversion."—*Praffit v. Henderson*, 29 Mo. 325. While it is not directly averred here that the timber was not cut for the purpose of cultivation (for which purpose it is assumed she would ordinarily have a right to cut when necessary to the enjoyment of the estate, and not of permanent injury to the inheritance), neither was it so averred in the case of *Praffit v. Henderson, supra*, and we think as was said in that case, that "it clearly appears, though not so expressly stated, that it was not for this purpose." Defendant also objects to the petition for that she says, it admits her right to deaden and destroy some timber, but fails to suggest in what quantities this destruction is admissible, or to what extent it ought to be restrained. That the order of temporary restraint, following the petition, enjoins her from cutting or deadening timber on said lands, except for the proper use and enjoyment of her dower, thereby submitting to her the question as to what amount of clearing was necessary to the proper enjoyment of her dower.

This is a difficulty more apparent than real. A dowress has that question before her at all times, whether there be any proceedings against her or not. She must not at any time during the continuation of her estate, do more clearing than is necessary to the legal and proper enjoyment of her dower.

On trial of the question of damages defendant introduced evidence tending to prove the amount necessarily expended by her in defending this suit and securing the dissolution of the temporary injunction herein, including attorney's fees and expense of her attendance upon the court and before the judge in vacation, plaintiffs making no exception. Plaintiffs then offered to prove that the defendant had not obeyed said injunction order in any respect, but had at all times, since it was made and served upon her, disregarded the same, and treated said order with contempt. Defendant made a general objection thereto, that it was incompetent and irrelevant, which the court sustained, and plaintiffs excepted.

We regard this ruling of the court as proper. Obedience to the writ is not a condition to a recovery on the bond. If the writ has not been respected and obeyed, it is for the court upon a proceeding in contempt and not a defence on the bond.—High on Injunctions, section 1654; *Calcord v. Sylvester*, 66 Ill. 540. Doing things which the writ commands not to be done, may prevent damage accruing which would have resulted if the writ had been obeyed, and a party enjoined of course would be unable to show damage in that respect, as a consequence of the injunction. But this is a different question from that presented in the objection as to expense and counsel fees necessarily incurred in procuring a dissolution of the injunction. The judgment is reversed and the cause is remanded. All concur.