[No. 100. Decided December 3, 1890.]

W. H. COWIE AND CHARLES ROBERTS v. HANS AHRENSTEDT AND OTTO GRANSTROM.

MECHANICS' LIENS—DESCRIPTION OF PREMISES—PLEADING—EVIDENCE—PARTNERSHIP—APPEAL.

Where no motion to strike an improperly settled statement of facts was made and filed, as required by the rules of this court, objection thereto is waived, although objection was made at the time of its settlement, and also in the brief of appellee filed in this court.

In an action to charge two persons as partners for the price of brick used in the construction of a certain building, the partnership is not established by evidence that the defendant denying partnership was working with his co-defendant, that he wrote an acknowledgement of the receipt of the brick and of the amount still due thereon, which was not signed by him but by his co-defendant alone, and that he had said something about his being as much a contractor on the building as anyone.

In an action to foreclose a mechanic's lien, a denial by defendant, on information and belief, of the recording of the notice of lien is sufficient to require plaintiff to prove that the notice has been recorded as required by law.

Where the claim of lien was upon the whole of a certain lot, but the proof showed that it was only upon a part of it, thirty-six feet in width, nearer the center than either side of the lot, which was sixty by one hundred and twenty feet, the description was not sufficiently definite to sustain a judgment; nor is the judgment aided by adding to such description the name of the building on the land.

Where defendant holds under written lease the premises upon which a lien is claimed, his interest therein cannot be shown by oral testimony.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*Richard Osborn,* for appellants.

*N. Soderberg,* for appellees.

The opinion of the court was delivered by

HOYT, J.—Plaintiffs obtained a judgment against C. Kavanaugh and Charles Roberts for certain brick alleged to have been sold and delivered to them, and also obtained a decree of foreclosure of a lien alleged to have been claimed and filed upon the leasehold interest of the defendant, W. H. Cowie, in a certain brick building in the construction of which, it was alleged, said bricks were used. From the judgment and decree thus entered defendants Cowie and Roberts have appealed, and the case is before us on a transcript of the record and a statement of facts settled therein. As to this statement of facts, the record shows that the appellees objected to its settlement, and in their brief filed here they say it should be stricken from the record because not properly settled. But, as no motion to strike the statement was made and filed, as required by the rules of this court, we must consider the point made in the brief waived, and cannot enter upon an examination thereof.

Plaintiff introduced evidence tending to show a sale of the brick to defendant Kavanaugh alone, and the only evidence tending to show that defendant Roberts had any connection with the sale, either as a partner of Kavanaugh or otherwise, was the fact that he was at work with Kavanaugh on the building into which the brick went, and the further fact that he wrote an acknowledgment of the receipt of the brick and of the amount still due thereon; but as this paper, though written out by Roberts, was signed by Kavanaugh only, in his own name, and not by Roberts at all, neither the fact of his writing it out, nor the fact that he was working with Kavanaugh, would establish even *prima facie* the partnership alleged. It is true that, in addition to the above circumstances, one of plaintiffs' witnesses testified that defendant Roberts said something about his being as much a contractor on the building as any one; but this alleged conversation was too indefinite to prove anything, and could not aid the plaintiffs.

A notice of lien was introduced in evidence, but there was no proof tending to show that it had been recorded, as required by law. Not even the file marks of the auditor appear upon the copy of the lien contained in the transcript. That the lien notice must be filed before the lien attaches, so that there can be a foreclosure thereof, is too plain for argument. And we do not understand that counsel for appellees contend to the contrary. The appellees, however, claim that there was no sufficient denial of such filing in the answer of defendant Cowie, and that for that reason they were not required to prove such fact. The language of the denial of the paragraph alleging the recording of the lien is as follows: "Defendant denies any knowledge or information sufficient to form a belief, and therefore denies each and every allegation contained therein," and it is not claimed that it is not sufficient in form. It is, however, contended that a denial of knowledge or information as to a fact, the truth or falsity of

which can be ascertained by reference to a public record of which every person has constructive notice, is sham and frivolous, and of no effect. We think the rule thus stated is too broad. To hold that a defendant must at his peril obtain positive knowledge of every fact shown by the public records, of which he by law is required to take notice, would be contrary to the provisions of our code, as it has been interpreted by a uniform course of practice for a series of years. It would likewise be against the weight of authority. See *Vassault v. Austin*, 32 Cal. 597; also, *Brown v. Scott*, 25 Cal. 190. The true rule we believe to be, that as to all facts that are presumptively in the actual, personal knowledge of the defendant, or as to which it is his duty to have or obtain such personal, actual knowledge, he must answer positively, or by direct averments show why he cannot so answer, and that as to all other facts he may answer that he has no knowledge or information sufficient to form a belief. From the fact that the law makes a record constructive notice it does not follow that every one has any actual, personal knowledge of such record, nor does it impose upon them the duty of acquiring such knowledge.

The claim of lien was upon the whole of lot 3 in a certain block in Seattle, whereas the proof tended to show that a portion of said lot was not only not owned or leased by the defendant, but was in the actual and open possession of other owners or lessees, and upon such proof plaintiffs sought a foreclosure on a portion only of said lot. Whether or not such a course could be sustained in any case we shall not now decide, as in this case the particular part of the lot upon which it was claimed that the lien could be maintained, was not made sufficiently definite and certain to sustain a judgment. The proofs showed that it was a part of said lot 3, thirty-six feet wide, nearer the center than either side of said lot, and that said lot was sixty by one hundred and twenty feet. In the judgment there is an attempt to improve upon the proofs by adding

to such description an allegation that the building thereon situated was known as the Cowie block, but this addition was unwarranted by the proofs, and even when thus aided we think the description so indefinite that a sale thereof could not be intelligently had. It is an easy matter to have these descriptions accurate, and fair dealing, as well as public policy, requires that they shall be in substance so complete and certain that an officer charged with the sale of the property would have no doubt as to just what he is called upon to sell.

Plaintiffs were allowed to show by oral testimony facts in regard to the ownership of the lot in question, and as to defendant's interest therein as lessee of said owner though it affirmatively appeared that the lease in question was in writing and within the convenient reach of the parties. This was error, and should be corrected on a retrial of the cause.

The court found that $60.00 was a reasonable attorney's fee in the proceeding, for which finding we are unable to find any warrant in the proofs.

The judgment and decree must be reversed as to defendants Cowie and Roberts, and a retrial had in accordance with this opinion.

DUNBAR, SCOTT and STILES, JJ., concur.

ANDERS, C. J., not sitting.