[No. 2222.  Decided May 20, 1896.]

THOMAS STEEL, *Receiver, Appellant,* v. STEWART GORDON *et al., Respondents.*

ACTION ON INJUNCTION BOND — RECEIVER SUBSEQUENTLY APPOINTED —
ATTORNEYS' FEES — QUESTION FOR JURY — WAIVER.

In an action on an injunction bond, the court is warranted in directing the jury that there can be no recovery for loss on sales while the injunction was in force, where it was habitually violated and no sales were in fact prevented thereby.

An injunction restraining a corporation from doing business operates as against a receiver subsequently appointed.

That the order appointing a receiver of a corporation did not authorize him to make sales does not prevent recovery in an action by him on an injunction bond given prior to his appointment, for loss of profits occurring after his appointment by reason of the injunction against sales, as only the corporation, its stockholders and creditors, can question his authority to make sales.

The mere acceptance of the statutory attorney's fee upon the dissolution of an injunction is not a waiver of the right to recover attorney's fees in an action upon the injunction bond.

The amount of the attorney's fee to be allowed plaintiff in an

action on an injunction bond, on account of professional services in the matter of the injunction, is to be fixed by the jury and not by the court.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge.     Reversed.

*Richardson & Williams*, for appellant.

*Blake & Post*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is an action on an injunction bond which was afterwards set aside, and this suit was brought to recover damages for loss of profits and expenses occasioned thereby while the bond was in force.   A verdict was rendered in favor of the plaintiff for $400, and a special finding was made by the jury that $220 of that amount was for attorney's fees. The plaintiff moved for a new trial and the defendants moved that said sum of $220 be disallowed on the ground that plaintiff had theretofore collected with the costs of the action the statutory attorney's fee, and had thereby waived his right to recover anything for attorney's fees in an action upon the bond. Plaintiff's motion was denied and defendants' motion was granted, and judgment was entered in favor of the plaintiff for the sum of $180.   Whereupon the plaintiff appealed.

The appellant contends that the court erred in refusing to allow a recovery for a loss of profits while the injunction was in force, upon sales which it is claimed could have been made were it not for the injunction; and also for expenditures for rent, clerk hire, etc.   These items have been divided into two classes.   The first includes the time from the granting of the injunction on the 26th day of May to the 9th

day of July, when a supersedeas bond was given,
which, however, was adjudged void on September 16th;
and the second was to recover damages for such items
from September 16 to November 16, at which time the
case was dismissed.   During this latter period the
corporation was in the hands of a receiver.   The
court refused to allow the plaintiff to recover for said
matters during the period first specified, on the ground
that it had violated the injunction in making sales
contrary to its terms.   The appellant contends that
there was no proof of the violation of the injunction,
and even if there were, it would not prevent a recovery
upon the bond.

As to this last proposition appellant cites the case
of *Colcord v. Sylvester*, 66 Ill. 540, holding that a viola-
tion of an injunction is not a defense to an action on
the bond, on the ground that the bond is conditioned
to pay all damages sustained by reason of the issuing
of the injunction, without any reference to the regard
paid thereto by the party enjoined; that there was no
undertaking by such party to obey the writ, while
there was a positive undertaking by the other party
to pay all damages occasioned by issuing the writ.
That the result of a disobedience to the writ would
only be to subject the party disobeying it to punish-
ment for contempt of court.

We are also cited to the case of *Van Hoozer v. Van
Hoozer*, 18 Mo. App. 19, which follows the case of *Col-
cord v. Sylvester*, in holding that obedience to the writ
is not a condition to a recovery on the bond, but that
doing things which the writ commands not to be done
would only operate to prevent damages occurring which
would have resulted if the writ had been obeyed, and
that a party enjoined of course would be unable to
show damages in that respect as a consequence of an

injunction. No contrary authority has been called to our attention.

While we are disposed to accept these cases as the law upon the subject, they do not, in our opinion, sustain the contention of appellant here, for it seems to us that the proof shows so many violations of the writ in the matter of making sales during the time first mentioned, that the court was justified in directing the jury that there could be no recovery upon the bond for failure to make sales during that time. It appears that certain agents of the corporation were proceeded against and punished for contempt of court in making sales during said time in disobedience of the order, and there was practically no proof in our opinion upon which the jury could have found a verdict in favor of appellant for a failure to make any sales during this time in consequence of the issuance of the writ.

As to the second period of time it is contended by the respondents that appellant is for two reasons not entitled to recover, one of said contentions being that the injunction did not operate as against the receiver, it having been issued against the corporation before the receiver was appointed and that it was *in personam* only, and operated solely against the corporation. But we are of the opinion that this contention is not sound, and that the issuance of the injunction against the corporation restraining it from doing business also restrained the receiver from carrying on the business of the corporation after his appointment. 2 High, Injunctions, § 1428; *Safford v. People*, 85 Ill. 558.

The order appointing appellant receiver, under which he qualified as shown by the record in this case, was made by the federal court for this state. It

did not authorize him to carry on the business of the corporation, and it is contended for that reason that he had no authority to make sales, and consequently could not recover for a loss of profits, etc. But we do not think the respondents could claim any benefit from this. Even if the receiver had no authority under his appointment to make sales, if there had not been any injunction, if the corporation, its stockholders and creditors, saw fit to permit him to carry on the corporate business as theretofore conducted, or to make sales of its property, no one else should be allowed to question his right to do so, and the respondents should be held liable for preventing him from so doing by virtue of the writ. They had no right to question his authority and were not concerned with the manner in which the business of the corporation was conducted.

It is further contended that the uncontradicted evidence before the jury would require a verdict in favor of the plaintiff for $1,044, and that the court should set aside the verdict rendered for that reason. But we do not think this contention is well founded. There was enough conflict in the proofs to make the matter of a recovery in this particular a question of fact for the jury to pass upon.

As to the further contention that the court erred in striking the attorney's fee, on the ground that plaintiff had waived it by accepting the fee taxed under the statute, we think appellant's contention must be sustained, and that the mere acceptance of the statutory attorney's fee should not be held a waiver of the right to recover attorney's fees in an action upon the injunction bond. Appellant concedes that it would be proper to deduct that amount from the attorney's fees

found by the jury. The respondents contend that there was no proof upon which the jury could find any sum due appellant for attorney's fees, on the ground that the proof of services was for services in the entire action and not such as related to the granting and dissolving of the injunction. But we do not so view the record, as we think there was proof to show the amount of services performed by the attorneys in the matter of the injunction, and the court erred in striking the amount found by the jury from the verdict.

It is further contended by the respondents that the court erred in submitting the question of attorney's fees to the jury at all, and that it was a matter for the court to pass upon, and in support thereof they cite the case of *Seattle Crockery Co. v. Haley*, 6 Wash. 302 (36 Am. St. Rep. 156, 33 Pac. 650), where, in an action upon an attachment bond, this court held that the amount of the fee was to be fixed by the court and not by the jury. What there may have been in that case to except it from the general rule is not there apparent, and we will not undertake to investigate it at this time. That such matters are questions of fact to be decided upon proofs like other questions of fact generally, is well settled and has repeatedly been held by this court. *Cowie v. Ahrenstedt*, 1 Wash. 416 (25 Pac. 458); *Dexter Horton & Co. v. Long*, 2 Wash. 435 (27 Pac. 271); *Proulx v. Stetson & Post Mill Co.*, 6 Wash. 478 (33 Pac. 1067). And it was right to submit it to the jury with the other issues.

Appellant further contends that it was error not to allow a recovery for the sum of $39.50, for the expenses of said attorneys while attending the trial of said cause before this court, upon the ground that said evidence was not contradicted; but it does not appear but that the same was included in the sum of

$180 found by the jury as general damages, and for that reason this contention is without force.

Reversed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.