WALTON et al., Appellants, v. KETCHUM et al.

Division Two, December 20, 1898.

1. **Life Estate by Implication.** The deed in this case, conveying certain land to a trustee, for the benefit of a wife during her life, with power of sale by her with her husband's assent, and in case of their death without sale to be held by the trustee for the use of their children, is *held* not to create a life estate in the husband by implication, nor to confer on him the power of alienation.

2. ————: HUSBAND'S ENTRY: POSTPONEMENT OF REMAINDERMEN. If the husband had no life estate in land which was conveyed to a trustee for the use of the wife for her life, and after her death to the use of their children, the use being executed at her death by the statute, he could not lawfully postpone the possession of the children after his wife's death, and if he took possession of the property he can assert a claim thereto adverse to his children, by adverse possession.

3. **Trusts:** TERMINATION OF TRUST ESTATE: FEME COVERT: LIMITA-
TIONS. Where the duty was imposed on the trustee to whom was
conveyed certain lands, to collect the rents and turn them over to
a wife, and in case of the death of herself and her husband before
the lands were disposed of, then to hold them in trust for the sole
use and benefit of their children, and one of the children was a
*feme covert* at the time of her death, the statute did not execute
the uses, but the legal title remained in the trustee after the death
of the wife, for the benefit of such *feme covert*. And when he per-
mitted the husband to assume actual possession of the land, and
to collect and use the rents, for ten years and longer, he was barred
to sue for the recovery of the premises; and, hence, as he had the
legal title and the sole right to sue for possession, the children,
though minors or married women, are likewise barred.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E.
WITHROW, Judge.

AFFIRMED.

WEBSTER & WEBSTER for appellants.

(1)   The deed from O'Flaherty to Meegan, under
which all parties claim title, should be given such construc-
tion as will effectuate the intent of the parties thereto, and to
that end all its parts should be considered in gathering its
meaning, as well as the circumstances under and the pur-
poses for which it was made; and the construction given to
it must be reasonable, so as to fairly give effect to its intent.
Jennings v. Brizeadine, 44 Mo. 332; Long v. Wagoner, 47
Mo. 178; Jamison v. Fopiano, 48 Mo. 194; Bruensman v.
Carroll, 52 Mo. 313; Wolfe v. Dyer, 95 Mo. 545; Cook v.
Couch, 100 Mo. 29; Louis v. Pitman, 101 Mo. 291; Davis
v. Hess, 103 Mo. 31; Long v. Trimons, 107 Mo. 512; Mc-
Cullock v. Holmes, 111 Mo. 445; Fosburgh v. Rogers, 114
Mo. 122; Hanna v. Land Co., 126 Mo. 1; Lakenan v. Rail-
road, 36 Mo. App. 363; Church v. Kellar, 39 Mo. App. 441.
(2)   A life estate may be created by necessary implication

from the terms of a deed. Bean v. Kenmuir, 86 Mo. 666; Cornwell v. Orton, 126 Mo. 355; Elston v. Schilling, 42 N. Y. 79; Lockridge v. McCammon, 90 Tex. 234; Anderson's Law Dict., title "Dispose;" Black's Law Dict., title "Dispose;" Bouvier's Law Dict., title "Dispose;" Century Dict., title "Dispose." (3) Upon the death of Ann Yore the trust created by the deed was executed in the children of Patrick and Ann Yore. 1 Perry on Trusts, secs. 298, 305, 307; 27 Am. and Eng. Ency. of Law, 107-125, 309; Roberts v. Mosely, 51 Mo. 282; Pitts v. Sheriff, 108 Mo. 117; Laurens v. Jenney, 1 Speers, 356. (4) The intent of the deed from O'Flaherty to Meegan as trustee, was clearly to give to Patrick Yore, in case he survived his wife, the use, occupation and control of the property during his lifetime, and the legal effect of such grant of the use was to create a life estate in him. 3 Washb. on Real Prop. [5 Ed.], p. 406. (5) The statute of limitations did, and could not begin to run against plaintiffs until the termination of Patrick Yore's life estate, notwithstanding the trust was executed in her children upon the death of Ann Yore. Brown v. Moore, 74 Mo. 633; Sutton v. Casseleggi, 77 Mo. 397; Colvin v. Hauenstein, 110 Mo. 575; Thomas v. Black, 113 Mo. 66; Fischer v. Siekman, 125 Mo. 165. (6) Patrick Yore having the right to use and occupy said property during his lifetime, lawfully took and remained in possession; but, being only a life tenant, he could not, by any act, claim or words, enlarge his estate therein, or make his possession adverse to his children. Salmon's Adm'r v. Davis, 29 Mo. 176; Keith v. Keith, 80 Mo. 126.

FRED. WISLIZENUS for respondents.

(1) Patrick Yore had no interest under the deed from O'Flaherty to Meegan. *First.* Life estates by implica-

tion are known in wills, not in deeds. 2 Woerner's Am. Law of Adminis., p. 882, sec. 418; 1 Washb. on Real Prop.. *89; Tudor on Real Prop., p. 640; 1 Preston on Estates, p. 190; 1 Eq. Abr. Cases, 196; 2 Ld. Raymond, 1152. *Second.* Even in wills the implication will not be raised, unless the intention so clearly appears that a contrary intention can not be supposed to have existed in the testator's mind. Barlow v. Barnett, 28 Atl. Rep. 597; Barnett v. Barnett, 29 Beav. 239. (2) On the death of Ann the trust was not executed but remained active. *First.* A trust will not be executed if its continuance serves a legal useful purpose, such as protection of a remainder, nor will it be executed if there are active duties reposed in the trustee. Pugh v. Hayes, 113 Mo. 428; 1 Sanders on Uses [Am. Ed.], 253; Hill on Trustees, sec. 361; Perry on Trusts, sec. 306; Barker v. Greenwood, 1 Horn and Hurl, 389; 27 Am. and Eng. Ency. of Law, p. 309. *Second.* A trust will always continue where the interests of a married woman are involved. Tiedeman on Real Prop., sec. 569; Schouler on Dom. Rel., sec. 105; Sanders on Uses, p. 387; Bank v. Taylor, 53 Mo. 450; Morrison v. Thistle, 67 Mo. 596; Perry on Trusts, secs. 310, 329; Weekman v. Berry, 55 Pa. St. 70. (3) When the statute of limitations runs against a trustee, it also runs against all beneficiaries of the trust. Yore v. Yore, 63 Fed. Rep. 645; Ewing v. Shannahan, 113 Mo. 188; Boswell on Lim., sec. 340; Decouche v. Savetier, 3 Johns. Ch. 190; Walker v. Walker, 16 S. & R. 379; Winnfield v. Virgin, 51 Ga. 139.

GANTT, P. J.—From a judgment for defendants the plaintiffs appealed.

The facts are undisputed. All parties claim title under a deed from Thomas O'Flaherty to James Meegan, trustee, and the only questions raised on this appeal arise upon the

construction to be given that deed. The deed omitting formal matters is as follows:

"This deed, made and entered into this twenty-sixth day of April, in the year of our Lord one thousand eight hundred and fifty-two, by and between Thomas O'Flaherty and Eliza, his wife, of the city and county of St. Louis, and State of Missouri, parties of the first part, and James Meegan, of the same place, of the second part, and Ann Yore, wife of Patrick Yore, party of the third part, all of St. Louis, aforesaid, witnesseth: That the parties of the first part, for and in consideration of the sum of three thousand dollars, to them in hand paid by the said Patrick Yore, the receipt of which is hereby acknowledged, have granted, sold, remised, released and forever quitclaim unto said Meegan, a certain lot of ground in said city, in block one hundred and ninety-four in the addition to St. Louis" (the lot in controversy).

"To have and to hold the said lot of ground above described, with all the privileges and appurtenances to the same belonging or in anywise appertaining unto him, the said James Meegan, his heirs, executors, administrators and successors, in trust, and confidence, however, for the following uses and purposes, and for none other, to wit: For the sole use, benefit and behoof of the said Ann Yore during her natural life and no longer, to receive the rents, profits and issues arising from or growing out of the said premises, and to pay over the same to the said Ann Yore, or to dispose of the said premises by sale, hypothecation, mortgage, or otherwise, as the said Ann Yore, with the assent of her said husband in writing, signed by them and attested by two respectable witnesses, shall direct, and in case of the death of said Patrick Yore and Ann, his wife, before the said premises shall be disposed of, then the same to be held by said James Meegan, as trustee as aforesaid,

for the sole use and benefit of the children of the said Patrick Yore and Ann, his wife."

The other facts, essential to an understanding of the points involved, are, Ann Yore died intestate in 1876, without having made any disposition of the property. She left six children of her marriage with Patrick Yore, of which plaintiff, Sarah O. Walton, is one. She was married to her co-plaintiff, Frederick Walton, before Barbara Ann's death.

It is admitted that Patrick Yore, on the death of Barbara Ann, entered into possession of the property in controversy, openly and notoriously claiming and holding the same as his own against all the world, and collecting the rents thereof to his own use till the marriage settlement hereinafter mentioned.

Patrick Yore in 1879 married defendant, Sophia Yore. A marriage settlement was made whereby Sophia released all rights including dower in Patrick Yore's property, *and was granted a life estate in the property involved in this suit.* The essential parts of that marriage settlement are set forth in appellants' abstract. Ever since the marriage Sophia Yore has held the property openly and notoriously claiming and holding the same as her own against all the world, and is still doing so.

Patrick Yore died in 1889, claiming the property, subject to Sophia Yore's life estate.

Defendant Ketchum is Sophia Yore's tenant.

Plaintiffs contend that the property in controversy was not disposed of, within the meaning and intent of the deed prior to the death of Patrick Yore who survived his wife; that it was the intention of all parties to the deed that Patrick Yore, in case he survived his wife, should have the sole right to the use and occupancy of said premises during his lifetime and that therefore the right of entry and of action did not accrue to them until his death in 1889, and hence the statute of limitations is no bar to their recovery. Defend-

ants on the other hand insist that Patrick Yore took no estate whatever under the deed. Obviously not a curtesy, because Mrs. Yore only took an equitable life estate herself, and not a life estate by implication, because such a construction would clearly defeat the plainly expressed intention of the grantor. Secondly, that the statute of limitations is a bar because having run against the trustee Meegan it also ran against the beneficiaries.

I. The substratum of plaintiffs' argument is that the deed by implication created a life estate in Patrick Yore and the right of immediate possession never vested in plaintiffs until his death in 1889. Much discussion was had at the bar and is repeated in the briefs of the proposition advanced by defendants, that a life estate by implication can never be created by deed but must necessarily be by will. If as we take it plaintiffs only contend that in the construction of a deed as well as a will, courts no longer look to the mere formal words of grant to ascertain what is granted, but gather the intention and purpose of the grantor from all the corners of the deed and effectuate that purpose unless prohibited by some positive provision of law, then we agree with them that the life estate need not have been created by express words. [Lewis v. Pitman, 101 Mo. 281; Davis v. Hess, 103 Mo. 31.] But the decisions of this court are not authority for the proposition that where no conveyance whatever is made an estate may arise in a deed by implication alone. But conceding that in the absence of express words of grant, we may examine the whole instrument to ascertain the meaning of the parties, it is said that the implication of a gift must rest upon evidence of intention so strong that a contrary intention to that which is imputed to the grantor or testator can not be supposed to have existed in his mind. Looking now to the deed under consideration can it be said that the purpose of creating a life estate in Patrick Yore is so strong that a contrary

intention can not be supposed to have entered into the mind of the grantor O'Flaherty? On the contrary is it not obvious that it was the intention to provide for the support and maintenance of Mrs. Ann Yore and her children by Patrick Yore? On this point there can be no doubt and yet if by invoking this implication a life estate is created in Patrick, it at once defeats the plainly expressed intention of providing for the children, for so long as Patrick lived his children would lose the rents which the trustee was directed to collect and pay over to them. The whole deed refutes the idea of a life estate in Patrick. Neither is there any power to alien conferred by the deed on Patrick. His wife alone with his consent could direct a conveyance. [Barnet v. Barnet, 29 Beavan, 239.]

II. We shall not undertake to follow the discussion of counsel as to the proposition that Patrick's provision for his second wife by way of marriage settlement was "a disposal" of the land in suit within the meaning of the deed. In our opinion he had no power to dispose of it. He could assent to a conveyance or disposition by the trustee Meegan at the request of Barbara Ann his wife in her lifetime and had no power to dispose of it otherwise.

III. It is agreed and admitted that upon the death of his wife, Ann Yore, Patrick Yore entered into possession of the property in dispute, openly and notoriously claiming and holding the same as his own against all the world, and collecting the rents to his own use until his marriage to Sophia Yore, and ever since 1879 she has held the open, notorious and unbroken possession thereof. Upon this concession defendants insist that Sophia Yore's title was perfected by the adverse possession of Patrick and herself, under him, and plaintiffs are barred. To meet this contention plaintiffs reply, first, that Patrick Yore had a life estate and their right of entry did not accrue till his death in 1889, and that, having the right to use and occupy the premises during his

life and being a life tenant, he could not by any act, claim or words enlarge his estate. The propositions so elaborately argued and maintained by defendants' counsel that the statute having run against Meegan, the trustee, also ran against the beneficiaries the children of Ann, is not seriously controverted. That plaintiffs' two propositions can not avail them is apparent because of the fallacy of the premises assumed. Patrick Yore was not a life tenant by virtue of the deed and therefore he could not lawfully postpone the possession of his children after his wife's death. He had not acquired possession in a lawful manner as a life tenant and hence he was not on that account estopped to claim the premises adversely.

A most interesting question however does arise as to whether the adverse possession held against the trustee also barred the children who survived their mother. Of these, the plaintiff, Mrs. Walton is one and she was married to her co-plaintiff before her mother's death. Being under coverture when her mother died it becomes at once very important to determine whether the statute executed the use so to speak which had been created by the deed and devolved the legal title upon her as to her share, or whether the trust was an active one and remained in Meegan, the trustee, with power to represent her interest. Recurring to the terms of the deed, it will be seen, that the trust was an active one to receive the rents, profits and issues arising from or growing out of said premises and to pay over the same to said Ann Yore and in case of the death of said Ann and Patrick before the said premises were disposed of, then to be held by said trustee as aforesaid for the sole use of the children of Patrick and Ann.

As to when a trust is executed little if anything can be added to what was said in Pugh v. Hayes, 113 Mo. 431. It was there held that: "If an estate is conveyed or devised to one in trust or for the use of another, and nothing more

is said, the statute executes the use, that is to say, it transfers the legal estate to such other person; but, if the donee in trust or to uses is invested with duties and powers, then a trust is created and the legal title does pass to the *ceslui que trust.* Such trusts are not and never were 'affected by the statute of uses. 'Therefore if any agency, duty or power be imposed on the trustee, as by a limitation to a trustee and his heirs to pay the rents, or to convey the estate, or if any control is to be exercised, or duty performed by the trustee in applying the rents to a person's maintenance, or in making repairs; or to preserve contingent remainders, or to raise a sum of money, or to dispose of the estate by sale—in all these, and in other and like cases, the operation of the statute is excluded, and the trusts or uses remain mere equitable estates.' 1 Perry on Trusts (4 Ed.), sec. 305; see to the same effect, Hill on Trustees (Am. Ed.), 360. *Where the estate is limited to a trustee to pay the rents and profits to another person for life, the trustee takes the legal estate, for he must receive them before he can make the payments: but, where the estate is limited to a trustee to permit and suffer another to have the rents, the statute vests the legal estate in such other person, because the trustee has no duties to perform.* [1 Sanders on Uses and Trusts (Am. Ed.), 253; Hill on Trustees (Am. Ed.), 361; 1 Perry on Trusts (4 Ed.), sec. 306; Upham v. Varney, 15 N. H. 463; Barker v. Greenwood, 1 Horn & Hurlstone, 389.]"

In addition to the active duties of the trustee as to all the children, Mrs. Walton was then a married woman and the case of a *feme covert* has uniformly been held as taking the case out of the statute. [Tiedeman on Real Prop., sec. 469; 1 Perry on Trusts (4 Ed.), sec. 310.]

It follows then that the statute did not execute the use but the legal title remained in Meegan, the trustee, after the death of Ann Yore for the benefit of Mrs. Walton. It was his plain duty to protect the possession for her benefit and not

permit Patrick Yore to take possession. But he permitted Patrick Yore to assume actual possession of the premises and collect and use the rents.

It is conceded that this adverse possession continued until the trustee was barred and the question recurs, what effect did it have upon the beneficiaries, his children? It must now be regarded as settled in this State that when the trustee who has the legal title and the sole right to sue for possession is barred, the *cestui que trust* though a minor or married woman is likewise barred. [Ewing v. Shannahan, 113 Mo. 188.] That decision met the unanimous approval of this court and decides this proposition against plaintiffs.

The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.