WM. B. TAYLOR et al., Appellants, v. JNO. W. ADAMS, Respondent.

### Kansas City Court of Appeals, March 3, 1902.

1. **Deeds: CONTINGENT REMAINDER: WASTE: LAW: EQUITY.** A deed conveyed lands to the grantee for her natural life with remainder to such of her children or grandchildren as by her will she should appoint. *Held,* the power of appointment did not enlarge her life estate and her children can not recover of her alienee damages for waste during her life, though in equity they might prevent future waste.

2. ———: **CONSTRUCTION: CONTINGENT REMAINDER.** An estate which is limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, is contingent and a contingent remainder is not an estate in land since it is merely the chance of having such estate.

Appeal from Clinton Circuit Court.—*Hon. A. B. Burnes, Judge.*

AFFIRMED.

*Thos. E. Turney* for appellants.

(1) The plaintiffs' estate is a vested remainder in fee simple. Jones v. Waters, 17 Mo. 589; Aubuchon v. Bender, 44 Mo. 560; Waddell v. Waddell, 99 Mo. 338; Rodney v. Landau, 104 Mo. 251; Byrne v. France, 131 Mo. 639; 2 Washburn on Real Property (4 Ed.), p. 647, paragraph 9; Braman v. Stiles, 2 Pick. 460 (13 Am. Dec. 445-448);

Inches v. Hill, 106 Mass. 575; 2 Washburn on Real Property (4 Ed.), p. 547, subsecs. 15 and 16; same, p. 578, subsec. 26. (2) By the deed Elenora Taylor takes a life estate with a power to defeat the remainder, and the plaintiffs have a vested remainder in fee subject to be defeated by the exercise of the power. 2 Washburn on Real Property (4 Ed.), p. 578, subsec. 26; Nodine v. Greenfield, 7 Paige's Ch. 544 (34 Am. Dec. 363); Burleigh v. Clough, 52 N. H. 267 (13 Am. Rep. 23), and authorities, supra. (3) A power is not an estate; and the grantee of the power has no interest or estate in the property to which it relates by reason of the power. It is defined to be an authority enabling one person to dispose of the interest which is vested in another. (4) The appointee in this case if an appointment is made, will hold under the deed directly from the grantor, and not from the party executing the power. Authorities, supra; 2 Washburn on Real Property (4 Ed.), p. 658, subsecs. 12 and 13.

*J. J. McAnaw* for respondent.

(1) Waste is an injury to one who will take the remainder. No one else can complain. Lagor v. Galloway, 113 Pa. St. 500; Hunt v. Hall, 37 Maine 363; Boone Real Property, sec. 635, and cases cited; Peterson v. Clark, 15 Johns 205; Waits Act. and Def., 251, title, Waste II, 2. (2) Should Elenora Taylor appoint a grandchild to take this land, such grandchild would be the injured party and not these plaintiffs. And no satisfaction defendants might make plaintiff, would avail against such appointee. Tiedeman Real Property, sec. 560 note 1. (3) The estates held under the deed in controversy are equitable uses held by way of executory devise following the will of Mrs. Taylor's father. R. S. 1899, sec. 4596. Remedy would be in equity. Cannon v. Barry, 59 Miss. 289; University v. Tucker, 31 W. Va. 621.

ELLISON, J.—This action is for waste alleged to have been committed by defendant on the lands described in plaintiffs' petition. At the close of plaintiffs' case the trial court sustained a demurrer to the evidence. The questions involved arise out of the following deed:

"Whereas, there is pending in the Woodford Court of Common Pleas in the State of Kentucky a suit in the name of Sidney Bedford et al. v. Elenora Taylor et al., in which suit said court has ordered and directed W. A. Barbour, master commissioner of said court, to invest the sum of thirteen thousand five hundred dollars, in the tracts of land hereinafter described for the benefit of the said Elenora Taylor et al. Now in consideration of the said sum of thirteen thousand five hundred dollars paid to the undersigned, Thos. E. Turney, by said W. S. Barbour, master commissioner of said court, the receipt of which is hereby acknowledged, the said Thos. E. Turney and wife, Lina Turney, of the county of Clinton, State of Missouri, have granted, bargained and sold and do hereby bargain, grant, alien and convey unto the said Elenora Taylor, to be held by her as hereinafter stated, the following mentioned and described tracts of land located in said county of Clinton, State of Missouri, aforesaid, and designated on the records of said county and state as follows (describing it):

"The said Elenora Taylor to have and to hold the aforesaid tracts of land with the buildings and appurtenances thereunto belonging, to her sole and separate use, free from the debts or liabilities of her husband, L. W. Taylor, or any husband she may hereafter have, for and during her natural life only, and at her death, the same to go to such of her children or grandchildren as by last will and testament she may direct, and in case she fails so to direct, then the same is to be equally divided between her children or their descendants, the children of any that are dead to take the place of their parents. . . ."

This deed conveyed an estate for life to Elenora Taylor, for though she had also the power of appointment over the remainder, that did not enlarge the estate especially limited. Evans v. Folks, 135 Mo. 397. Elenora is alive, and at the time of the trial was fifty years old. Her life estate was sold at sheriff's sale and defendant became the purchaser. He thereby became tenant for the life of Elenora, and as such he is charged by plaintiffs, who are Elenora's children, with waste of the estate, and damages are asked. The plaintiffs base their claim of right to sue on the idea that they are owners of the estate in remainder. Their right to sue depends on whether their estate in remainder is vested or contingent. If contingent, they have no standing in law for in such event it can not be known in advance of the happening of the contingency, that they have been damaged by the waste. If they should recover damages, and then the contingency upon which their estate depends not happen, they would be paid for what they had not lost. And so the law is that a contingent remainderman has no action for waste (Sager v. Galloway, 113 Pa. St. 500; Hunt v. Hall, 37 Maine 363), though in equity they could perhaps have injunction to prevent future waste (Cannon v. Barry, 59 Miss. 289, 302; University v. Tucker, 31 West Va. 621.) The distinction of the contingent remainderman's right at law in damages and in equity to an injunction has good reason in its support. For while he will not be allowed to recover damages for that which may not be his, he should be allowed to prevent the destruction of that which may become his.

We have no doubt that a proper construction of the foregoing deed gives to plaintiffs a contingent and not a vested remainder, and that therefore the trial judge took the right view of the case when he sustained a demurrer to the evidence. An estate in remainder is contingent when its becoming vested is uncertain; that is to say, when it depends upon a contingency. Or, as it has been expressed, when such estate "is

Taylor v. Adams.

limited to take effect, either to a dubious and uncertain *person,* or upon a dubious and uncertain event." 2 Blackstone's Com., 169. Or, as said by the Supreme Court: "A contingent remainder is not an estate in lands, since it is merely the chance of having." Godman v. Simmons, 113 Mo. 130.

Nothing can be more uncertain than the estate of these plaintiffs. Their mother, the original life tenant, is yet alive. She has power by will to make remaindermen of any one or more of these plaintiffs; or she may cut them out altogether and vest the remainder in her grandchildren. To use the words of the celebrated commentator just cited: the foregoing deed limited the land to "a dubious and uncertain person." When it can not be told from the will or deed whether the party named will take the estate, it is a contingent remainder. Emison v. Whittlesay, 55 Mo. 254; DeLassus v. Gatewood, 71 Mo. 371.

Plaintiffs have called our attention to the following cases decided by our Supreme Court: Jones v. Waters, 17 Mo. 589; Rodney v. Landon, 104 Mo. 251; Aubuchon v. Bender, 44 Mo. 560; Waddell v. Waddell, 99 Mo. 338, and Byrne v. France, 131 Mo. 639; and also to Inches v. Hill, 106 Mass. 575, and Burleigh v. Clough, 52 N. H. 267. There is nothing in any of these that in the least affects the position we have herein taken. The judgment should be affirmed. All concur.