MATTIE MORROW et al., by JOHN W. GROSS, Guardian, etc., Plaintiffs in Error, v. WILLIAM MORROW et al., Defendants in Error.

Kansas City Court of Appeals, May 8, 1905.

1. **TRUSTS AND TRUSTEES: Pleading: Petition.** A petition set out in the opinion is considered and held to state facts sufficient to authorize the appointment of a trustee for the infant plaintiffs under the will of their grandfather, but insufficient to authorize other relief prayed for.

2. ———: **Title: Guardian: Action.** A party having beneficial interest only and not legal title cannot maintain an action by a guardian and curator in regard to such property; and it is held

that the infant plaintiffs under their grandfather's will acquired a beneficial interest in a certain fund, but the title was vested in the executor and their guardian could not maintain an action for spoliation of said fund, but the infants were entitled to the appointment of a trustee as a successor to the executor.

3. ———: **Trustee's Hostility: Equitable Relief.** Whether an administrator *de bonis non* with the will annexed is a trustee of a certain fund set aside by the will for the benefit of the infant plaintiffs, *quaere*; but if he is, his hostility requires his removal and the appointment of his successor, and if he is not, there is a vacancy in the trusteeship which equity will fill, although the plaintiffs are not entitled to all the relief sought in their bill.

4. ———: **Jurisdiction: Settlement of Estate: Probate Court.** The fact that the estate is still pending in the probate court will not deprive the circuit court of jurisdiction in matters purely equitable growing out of such estate, since the probate court has no such jurisdiction.

5. ———: **Estate: Distribution: Trust Fund.** *Held*, under the will a certain trust fund was made paramount to the distributive shares; and the fact that distribution had been made indicates that there is no obstruction to the payment of the fund to the trustee, but if there is a deficiency the fund would be payable out of the distributions received by the heirs.

Error to Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED (*with directions*).

*Dysart & Mitchell* for plaintiffs in error.

(1) The court erred in sustaining the demurrer to the plaintiff's petition and in rendering a general judgment for the defendants. This was not a passive or discretionary trust, but an active trust requiring duties and supervision of a trustee. Perry on Trusts (5 Ed.), sec. 248. (2) "In equity cases a demurrer to a petition should not be sustained if the plaintiff is entitled to any relief whatever on the case stated in the petition," and when equity obtains jurisdiction of a case, the court will proceed to decide all matters arising in the case. Tan-

ner v. Railroad, 180 Mo. 1, 26 (syllabus 8). (3) A trust never fails for the want of a trustee. The appointment of a trustee, and the interposition to preserve a trust fund, where the same has been mismanaged or misappropriated in violation of the terms of the trust, are matters peculiarly of equitable cognizance. Perry on Trusts (5 Ed.), secs. 275, 276a; Gartside v. Gartside, 113 Mo. 348, 356 et seq. (4) As further establishing the jurisdiction of a court of equity in the case at bar, the following Missouri cases are cited: Yore v. Crow, 90 Mo. App. 562; Newton v. Rebenack, 90 Mo. App. 650, 670; Webb v. Hayden, 166 Mo. 39, 49; State ex rel. v. Hunt, 46 Mo. App. 616; Hitch v. Stonebraker, 125 Mo. 128; Brandon v. Carter, 119 Mo. 572, 581; St. Louis v. Wenneker, 145 Mo. 230, 236; Chambers v. St. Louis, 29 Mo. 543; Gartside v. Gartside, supra. (5) That the petition states a cause of action in the plaintiffs, and that they have an interest in the trust fund mentioned, is beyond question. But the defendants claim that the jurisdiction in the case belongs exclusively to the probate court of Macon county. This contention is without merit. See authorities supra. (6) The probate court is the creature of legislation and can only exercise the power and jurisdiction conferred upon it by the statute. R. S. 1899, secs. 4580 and 4581; Bramell v. Cole, 136 Mo. 201, 210; Estate of Glover & Shepley, 127 Mo. 153, 163; Church v. McElhinney, 61 Mo. 540, 543; Church v. Robberson, 71 Mo. 326, 334 et seq.; Mead v. Jennings, 46 Mo. 91, 94; Coil v. Pittman, 46 Mo. 51; Patterson v. Booth, 103 Mo. 402, 417, et seq.; Butler v. Lawson, 72 Mo. 227, 245 et seq.; Holliday v. Noland, 93 Mo. App. 403; In re Final Settlement of Rickenbough, 42 Mo. App. 328, 342.

*Robt. W. Barrow* for defendants in error.

(1) Only a trustee lawfully appointed can sue for the money in any view of it. Plaintiffs have no capacity

to sue for this money. Neither the minors nor their guardian have any right to sue for or receive this money. Webb v. Hayden, 166 Mo. 39; Gibbons v. Gentry, 20 Mo. 468, l. c. 477; Meyers v. Hale, 17 Mo. App. 208; Simpson v. Erisner, 155 Mo. 157; Simpson v. Jennings, 163 Mo. 332; Walton v. Ketchum, 147 Mo. 209; Schifman v. Schmidt, 154 Mo. 204. (2) Petition discloses suit is prematurely brought. Clarke v. Sinks, 144 Mo. 448. (3) Suit cannot be maintained against the heirs of Jefferson Morrow to refund property received as heirs until plaintiff first exhausts their remedy against the estate, and the petition does not allege that all the assets have been collected or fully administered and a deficiency found. Pearce v. Calhoun, 59 Mo. 271. (3) The petition discloses that administration is still pending and the suit is prematurely brought. (4) Our statute has provided a procedure in probate matters and the administrator must follow it, and the jurisdiction of the probate court is exclusive. Lilly v. Menke, 126 Mo. 190; Pearce v. Calhoun, 59 Mo. 271; French v. Stratton, 79 Mo. 560; Bauer v. Gray, 18 Mo. App. 173; Hellman v. Wellenkaup, 71 Mo. 407; Ridgeway v. Kerfoot, 22 Mo. App. 661; Wernecke v. Kenyon, 66 Mo. 275; Titherington v. Hooker, 68 Mo. 593; Dodson v. Scroggs, 47 Mo. 285. (5) Plaintiff in asking the removal of the administrator on the allegation of hostility overlooks the controlling fact that the administration is under control of the probate court—a court which has authority by its orders of distribution and otherwise to protect plaintiffs' rights fully, and plaintiffs' authorities do not apply to the facts in this case. (6) If a will creates a trust and names no trustee the executor of the will is the trustee. Marshall v. Meyers, 96 Mo. App. 643; Webb v. Hayden, 166 Mo. 39.

JOHNSON, J.—The petition in this action, omitting caption and signature, is as follows:

"For cause of action against the said defendants, the plaintiffs, by their said guardian and curator, state: That on the 17th day of March, 1900, Jefferson Morrow, Sr., departed this life testate in the county of Macon and State of Missouri, leaving surviving him the following named children and heirs, to-wit: All the said named defendants, and also a daughter, Celia Miller, who has since died, who left surviving as her only children and heirs the said defendants, John W. Miller, Jr., Thomas J. Miller, Jr., James W. Miller, Jr., Rosa T. Chope, Minerva May Evans, Sarah Jane Vickroy, Ella D. Neel, and also these plaintiffs, who are the minor children and only heirs of Charles Morrow, who was a son of the said testator, Jefferson Morrow, Sr.; that said plaintiffs are minors under the age of fourteen years; that the said Mattie Morrow was thirteen years of age in July, 1902, and that the said Benjamin R. Morrow was eleven years of age in September, 1902; that the said John W. Gross is the public administrator of the county of Macon and State of Missouri, duly elected and qualified as such, and as such has charge of the estate of the said plaintiffs under an order of the probate court of the said county of Macon, and he, the said John W. Gross, is the guardian and curator of the estate of the said plaintiffs, duly appointed and qualified under and pursuant to the orders of the probate court of the said county of Macon, and these plaintiffs bring this suit by their said guardian and curator, the said John W. Gross.

"Plaintiffs further state that the said Jefferson Morrow, Sr., made and executed his last will and testament on the 11th day of August, 1898, and afterwards died on the 17th day of March, 1900, and the said will was duly admitted to probate on the 27th day of March, 1900, a copy of which said will and the probate thereof is herewith filed as an exhibit in this case.

"Plaintiffs further state that prior to the execution of the said will the said testator owned a large amount

of real estate in Macon county, Missouri, to-wit: about
2,000 acres worth about $50,000; that shortly before the
execution of the said will and in contemplation of the
said will, the said testator divided up and apportioned
all the real estate among his then living sons and
daughters, seven in number, and conveyed the same by
deeds in parcels, no part of which was given or conveyed
to these plaintiffs.

"Plaintiffs further state that the said will contains
the following provisions in favor of these plaintiffs,
numbered items 5 and 6, to-wit:

" 'Fifth, I give and bequeath to Benjamin Morrow,
the son of Charles Morrow, my deceased son, five hun-
dred dollars, to be given to said Benjamin Morrow, my
grandson, when he becomes twenty-one (21) years old.'

" 'Sixth, I give and bequeath to Mattie Morrow, the
daughter of my son Charles Morrow, deceased, five hun-
dren dollars, to be given to her, said Mattie Morrow, my
granddaughter, when she becomes eighteen years old;
and before any other legatee is paid or given anything
at all, the thousand dollars bequeathed to my said grand-
children, the children of my deceased son, Charles Mor-
row, are to be set aside and separately appropriated; if
said Mattie Morrow dies before she becomes eighteen
years old, said Benjamin Morrow is to have the five hun-
dred dollars ($500) bequeathed to her if he lives to be-
come twenty-one years old; if said Benjamin Mor-
row dies before said Mattie Morrow becomes eighteen
teen years old, and said Mattie Morrow becomes eigh-
teen years old, said Mattie is to have the five
hundred dollars bequeathed to said Benjamin Mor-
row; if said Benjamin Morrow and Mattie Morrow die
before said Mattie Morrow becomes eighteen years old,
said thousand dollars to be equally divided among my
following named seven children, to-wit: William Mor-
row, Jefferson Morrow, Jr., Johnson Morrow, Celia Mil-

113 app—29

ler, Minerva Banta, Mary Clemson, and Rebecca Neel; said Mattie Morrow is not to have anything of my estate unless she lives to be eighteen (18) years old and becomes eighteen years old, and said Benjamin Morrow is not to have any of my estate unless he becomes twenty-one years old and lives to the age of twenty-one years.'

"Plaintiffs further state that Eli J. Newton was appointed executor in the will of the said testator, who duly qualified and took charge of the personal property and assets of the said testator and continued to administer the same until the 17th day of August, 1900, on which date he made his final settlement and resigned as executor. And afterward, on the — day of August, 1900, on the petition and at the request of the defendants, W. J. Magee, the then public administrator of Macon county was duly appointed as the administrator *de bonis non* with the will annexed of the said estate in place of the said Eli J. Newton, and by order of the probate court, the said W. J. Magee took charge of the said estate and proceeded to administer the same until he was adjudged to be a person of unsound mind, on or about the — day of ———, 1902; that on the 12th day of July, 1902, the said W. J. Magee was removed as such administrator by an order of the probate court of Macon county, and on the same day, to-wit, the 12th day of July, 1902, the defendant, William Morrow, was duly appointed as the administrator *de bonis non* with the will annexed of the said estate in the place of the said W. J. Magee, and the said William Morrow duly qualified and took charge of all the money and of the property belonging to the said estate, and is now administering the same under the orders of the probate court of Macon county.

"Plaintiffs further state that on the 13th day of August, 1902, the guardian and curator of the said W. J. Magee made a settlement with the said William Morrow for and in favor of the estate of the said W. J. Magee,

showing a balance due from the said W. J. Magee to the estate of $3,228.86.

"Plaintiffs further state that the personal property and estate of said testator was large and valuable, consisting of money, deposits in bank, bank stock, notes and accounts and other property, amounting in value to not less than $10,000; that the said will as hereinbefore set out and copied provided that the sum of $1,000 be given and bequeathed to these plaintiffs, should be set aside and preserved for them, that is to say, $500 for the said Mattie Morrow and $500 for the said Benjamin R. Morrow, before any other legatee should be paid or given anything at all, and the same to be paid to these plaintiffs when they respectively reached their majority, and the said fund of $1,000 thereby became and was and is a trust fund set apart by the testator for the use and benefit of these plaintiffs when they shall have become of age.

"Plaintiffs further state that the said Eli J. Newton made his final settlement the 17th day of August, 1900, showing cash on hand due the said estate of $1,981.52, all of which was turned over to his successor, the said W. J. Magee, and soon afterwards the said W. J. Magee collected a large amount of the notes, proceeds of bank stock and other moneys amounting to a sum largely in excess of $5,000, which said sum the said W. J. Magee, at the request of the defendants, paid out and distributed to them; that since the said William Morrow was appointed administrator as aforesaid, he has collected on the bond of the said W. J. Magee, as the plaintiffs are informed and believe, the sum of $600, which sum has been divided and apportioned among the defendants by the said William Morrow, as plaintiffs are informed and believe.

"Plaintiffs further state that neither the said Eli J. Newton nor the said W. J. Magee nor the said William Morrow have ever at any time set aside and appropriated the said trust fund of $1,000 for and on behalf of the plain-

tiffs as provided by the terms of the will, but on the contrary, plaintiffs aver that all the cash and money thus far collected and realized out of the personal estate of the said testator has been taken, used and appropriated to the defendants in disregard of the rights of these plaintiffs, and in violation of the will of the testator, and that said trust fund is now in danger of being lost and wholly diverted from these plaintiffs.

"Plaintiffs further state that the said defendant, William Morrow, the present administrator of the said estate as aforesaid, as well as the other defendants are hostile and unfriendly to the interests of these plaintiffs and the said William Morrow has refused and still refuses to set aside and appropriate the said trust fund of $1,000 for and on behalf of these plaintiffs, but pretends and claims that the said trust fund of $1,000 was wasted or squandered by the said W. J. Magee while he was administering the said estate.

"Plaintiffs further state that they are unable to state, and cannot state, whether or not the said William Morrow has in his possession or custody any money in the form of cash sufficient to set apart and appropriate the said trust fund of $1,000 as provided by the will, or whether he has any part thereof in his possession and control, but the said William Morrow claims to have no money of the estate to set apart or appropriate for the benefit of these plaintiffs as provided by the said will, and it is not his purpose, as plaintiffs are informed and believe, to make any provision for these plaintiffs out of the future collections on behalf of the said estate.

"Plaintiffs further state that if the defendant, William Morrow, has in his hands moneys belonging to the estate to the extent of $1,000, then the same ought to be applied and separately appropriated and set apart for the benefit of these plaintiffs as provided by said will, and if said amount be not in the hands of the said William Morrow, then the other defendants who have re-

ceived distributive shares of the moneys of the estate, ought to and must in law and in equity be required to refund a sufficient amount to make the full sum of the said trust fund of $1,000, and it is submitted that the said trust fund ought and should be placed in the hands of a trustee to be appointed by this court to secure, manage and preserve the same for the uses intended by the provisions of the said will.

"Wherefore these plaintiffs pray the court that the said William Morrow be required to answer and show to the court whether he has in his custody and control as much as $1,000 in money and cash or a sufficient amount to make and secure the said trust fund of $1,000; and if the said William Morrow, as such administrator, has no money or cash in his hands belonging to the estate, or if such amount be less than $1,000, then the plaintiffs further pray that the defendants be required to refund and pay into court out of the amounts so distributed and paid to them, a sufficient sum to make up the said trust fund to $1,000, together with lawful interest and expenses and cost of this suit, including a reasonable attorneys' fee for the same.

"And plaintiffs further pray that this court appoint some suitable and disinterested person as trustee to take charge of and take care of, invest or loan the same under the orders and directions of this court as contemplated by the testator in the said will, and when said trustee shall be appointed that the said William Morrow as administrator and the other defendants pay over to him, the said trustee, the said trust fund of $1,000 to be held and managed as this court may direct; and plaintiffs pray for such other and further relief as may be proper in the premises."

Defendants interposed a demurrer based upon the grounds: no cause of action; lack of jurisdiction over subject matter and parties; want of legal capacity in

plaintiffs to sue; and misjoinder of causes. The demurrer was sustained and plaintiffs refusing to plead further, a decree was entered in favor of defendants upon the pleadings. Plaintiffs appealed.

The bequests made in the will to the infant plaintiffs were contingent, from which it follows no legal title is vested in them; nor can it be during their minority. [Taylor v. Adams, 93 Mo. App. 277.] A trust, however, was created in their favor, of which the executor appointed in the will was the trustee, no other being designated. [Marshall v. Meyers, 96 Mo. App. 648.] The legal title to these bequests is vested in a trustee and will remain there until the expiration of the period of contingency fixed by the testator. The beneficial interest, equitable in its nature, is in plaintiffs. [Simpson v. Erisner, 155 Mo. 157; Gibbons v. Gentry, 20 Mo. 477; Walton v. Ketchum, 147 Mo. 209; Newton v. Rebeneck, 90 Mo. App. 657.] It results from these premises that plaintiffs being without legal title, cannot maintain an action by guardian and curator, nor by any other representative with respect to the recovery and preservation of their legacies. That right resides alone in their trustee. [Webb v. Hayden, 166 Mo. 39, 50; Myers v. Hale, 17 Mo. App. 204; Judson v. Walker, 155 Mo. 166.] This precludes the granting of any relief prayed for except that of the appointment of a trustee.

But we are clear that jurisdiction should have been retained by the learned trial judge for the purpose of making such appointment. We do not agree with counsel for defendants that the failure to allege the payment of the debts of the estate and the collection of the assets thereof is fatal to the exercise of any jurisdiction. That issue belongs to an action brought by the trustee against the administrator *de bonis non*. Here, the question is the conservation of the interests of the minors by placing them in the hands of a suitable person who will pro-

tect their rights and not ignore nor seek to destroy them. It certainly appears that the attention and care of a trustee friendly to the interests of the minor plaintiffs is an imperative necessity to prevent their spoliation. Their rights have been and are being wholly ignored, and their security wantonly impaired. Distributions have been made to the defendant heirs in the face of the express command of the testator that their legacies be subordinated in payment to those of plaintiffs. The present administrator, claimed by defendants to be ex-officio trustee for plaintiffs, is hostile to them; is claiming that the defalcation of his predecessor in administration dissipated their money—a position so unreasonable and unjust that we cannot believe it is assumed in good faith. Instead of protecting plaintiffs, he is denying the existence of any right in them. It is not material to the granting of proper relief to determine whether or not he is their trustee. If he is, a stronger case could not well be presented for his removal and substitution. If he is not, the trust estate being without a trustee, one should be appointed. Equity does not permit a trust to fail, either completely or partially for lack of a proper trustee. [Webb v. Hayden, 166 Mo. 48; Gartside v. Gartside, 113 Mo. 348; Perry on Trusts, section 275, et seq; also, section 248.] There is nothing in the contention that because plaintiffs are seeking relief properly belonging to an action by the trustee to recover the fund, all relief must be denied. In equity causes when facts are stated under which the plaintiff is entitled to any relief a demurrer should not be sustained, but the court should proceed to hear and determine all matters cognizable under the facts pleaded. [Tanner v. Railway, 180 Mo. 26.]

Nor is there any merit in the further contention that as the administration of the testator's estate has not been closed the probate court has exclusive jurisdiction over the subject matter of this action. It is elementary

that such inferior courts have no equity jurisdiction. The control of trust estates and the appointment and removal of trustees are peculiarly within the province of equity. [Estate of Glover v. Shipley, 127 Mo. 163; Bramell v. Cole, 136 Mo. 201.]

The facts that the time for proving up demands against the testator's estate has long expired and that distributions have been made, are indicative that no legal impediment will obstruct the enforcement of the payment to the trustee by the administrator of the amount of plaintiffs' legacies out of the funds belonging to the testator's estate; but if the administrator has insufficient funds in hand, or should there be debts which would consume them, the defendant heirs may be compelled to make good any deficiency out of the distributions received by them. [Clarke v. Sinks, 144 Mo. 453.]

It will readily be perceived that in any event a necessity exists for the appointment of a trustee whose duty will be to take such action as the real facts may warrant for the benefit of the trust estate.

The judgment is reversed and the cause remanded with directions to the learned trial judge to hear the cause as upon an application for the appointment of a trustee, and to proceed in accordance with the views herein expressed. All concur.