ROBERT D. MIZE, Admr. of the Estate of MATTHEW W. ANDERSON, Deceased, Appellant, v. SPOTTSWOOD D. BURNETT, Respondent.

Kansas City Court of Appeals, March 4, 1912.

1. WASTE: Administrator: Reversioner. The administrator of an estate cannot maintain an action for waste. The right to recover in such actions is in the heir or reversioner.

2. PRACTICE, Appellate: Injunction: Motion to Dissolve. Plaintiff sued for waste and obtained a temporary injunction. A motion to dissolve was sustained and plaintiff appealed but filed no bill of exceptions. *Held,* that a motion to dissolve founded on the failure of the petition to state a cause of action assumed the place of a demurrer, and is considered a part of the record proper. It was therefore not necessary to file a bill of exceptions in order to have the action of the court thereon reviewed on appeal.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

AFFIRMED.

*Paxton & Rose* and *John W. Clements* for appellant.

(1) The motion to dissolve for want of equity in the bill amounted to a demurrer, and, this having been sustained, the appeal was properly taken on the record without a bill of exceptions. R. S. 1909, sec. 2038; Crow v. Jewelry Co., 116 Mo. App. 624; Austin v. Loring, 63 Mo. 19. (2) Answer had been filed by defendant and is still on file, forming a part of the record proper, and hence before this court. After answer was filed and not withdrawn, it was not in order to file a motion to dissolve in the nature of demurrer to the petition, and the lower court had no authority to enter judgment on such a motion so filed. Ewing v. Vernon Co., 216 Mo. 681; White v. Railroad, 202 Mo. 539. (3) The plowing up of the blue grass sod constitutes waste. Tiedeman on Real Property (2 Ed.), sec. 76; Wild v. Layton, 1 Del. Ch. 226, 12 Am. Dec. 91; Lumber Co. v. Board of Supervisors, 42 So. 301, 89 Miss. 448. (4) The lease was with the administrator *pendente lite,* and defendant could not dispute his landlord's title, or set up that he had no right to enjoin waste. R. S. 1909, sec. 7880; 24 Cyc. 1065; Parker v. Raymond, 14 Mo. 535; Steele v. Mfg. Co., 78 N. Y. Sup. 1078; Terry v. Ferguson, 8 Porter (Ala.) 500.

*J. D. Shewalter* and *W. H. Carmody* for respondent.

There is no abstract of the record, as required. Though technical, the defect is held to be fatal. The motion to dissolve is no part of the record proper; it can only be made a part of the record by bill of excep-

tions, and the motion and the ruling thereon, unless so preserved, cannot be reviewed. Bank v. Finks, 40 Mo. App. 367; Mockler v. Skellet, 36 Mo. App. 174; Hubbard v. Quesenbery, 82 Mo. App. 464. An administrator *pendente lite* is not a receiver; has no interest in or control over the real estate, unless is an order of the probate court reciting that there is insufficient personal property to pay debts, and directing him to take charge of the real estate. Trust Co. v. Soderer, 171 Mo. 675.

BROADDUS, P. J.—The plaintiff, as administrator of the estate of Matthew W. Anderson, deceased, pending the termination of the contest of the will of the said Anderson, instituted this action to restrain defendant from committing waste on certain lands of the estate, and for damages. The claim for damages and the prayer asking for injunction are set forth in two different counts.

After the temporary injunction was issued the defendant moved for its dissolution for the following reasons: 1st. The petition states no equity. 2d. It states no equity whatever in the plaintiff. 3d. Waste is a permanent injury to the inheritance, and said petition does not show any case of waste. The motion to dissolve the injunction was sustained from which action of the court the plaintiff appealed.

The second count of the petition upon which the temporary injunction was issued states substantially, after alleging that plaintiff was duly appointed administrator pending the contest over the will of the deceased, that, as such, he had in pursuance of an order of the probate court of the county entered into a written lease with the defendant as lessee, to let to him for the period of two years, beginning March 1, 1909, and ending February 28, 1911, at and for the price of $1400 per year, certain lands situate in said county containing 445 acres, describing them; that at the time

of the leasing of said lands to defendant, who had occupied it as tenant for a term of three years just previous thereto; that the same was divided as follows: Plow land, under cultivation for annual crops, 160 acres; open blue grass pasture, 140 acres; blue grass land with timber on it, 140 acres; that the open blue grass land or land without timber had been in blue grass for more than twenty years, and was kept in blue grass by defendant during his prior three years, occupancy of the farm; that it had taken a long time and much expense in money to get said land so well set in blue grass as it was, and the effect thereof was to greatly enhance its market value, as it preserved and added to its fertility and at the same time furnished a considerable return therefrom; that Jackson county is a blue grass county, and the value of such land is recognized both by landlord and tenant, and a general custom prevails in the county, that without the express permission of the landlord, a tenant cannot plow up blue grass sod for the reason that the market value of the property is thereby impaired and its value depreciated; and that to plow it up is considered waste. There is nothing in the lease prohibiting the plowing of said blue grass lands. It is alleged that defendant threatens to plow up said blue grass, and that the injury threatened would be irreparable.

The defendant filed answer putting in issue the allegations of the petition and alleging that the plowing of the land in question would benefit rather than injure the same.

It is suggested by the respondent that there being no exception saved by bill to the action of the court sustaining the motion to dissolve the injunction there is nothing before this court for review. That the motion to dissolve is no part of the record proper; it can only be made a part of the record proper by bill of exceptions, and the motions and rulings thereon unless so preserved, cannot be reviewed. [Monroe City

Bank v. Finks, 40 Mo. App. 370.] It is there said that: "It is a settled rule of appellate procedure in this state that no *motion* forms a part of the record, unless it is made such by being incorporated in a bill of exceptions." The court to sustain its ruling cites eleven decisions of the appellate courts of the state beginning at the 1 Mo. and ending with the 79 Mo. And in the case it was also held that notwithstanding the clerk copied the record, papers and certain entries made in the case they cannot be noticed. And so is the holding in Kohn v. Lucas, 17 Mo. App. 29; Jefferson City v. Opel, 67 Mo. 394.

Appellant relies on Austin v. Loring, 63 Mo. 19, to sustain his position that it was not necessary to make a bill of exceptions in order to have the question raised as to the suffiiency of his cause of action.

It will be observed that the motion to dissolve the injunction does not relate to any extrinsic facts, but to the sufficiency of appellant's cause of action. It is held in said case that where the motion was "to strike out all the substantial and material allegations in the petition, that the motion was in reality a demurrer, and the action of the court stands on the judgment sustaining it." In such cases the action of the court is reviewable without making the motion a part of the record by bill of exceptions. And it is so held in Bick v. Dry, 134 Mo. App. 589. It is held in Bateson v. Clark, 37 Mo. l. c. 34, that: "The record proper, by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment; and these the law has made it our duty to examine and revise; and if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause, whether any exceptions were taken or not." It seems that regarding the motion as founded on the failure of the petition to state a cause of action it assumes the place of a demurrer, and such being the case, it is to be considered a part of the record proper,

and it was not necessary for the plaintiff to make a bill of exceptions in order to have the action of the court thereon reviewed on appeal.

However that may be, the appellant cannot recover because he is not the proper party to the cause of action. If the plowing of the land would constitute waste, the plaintiff, as administrator, would not be authorized to recover for the injury would be to the inheritance, for which the heir or reversioner alone could recover. [Proffitt v. Henderson, 29 Mo. 325; Van Hoozer v. Van Hoozer, 18 Mo. App. 19; 3 Am. & Eng. Ency., 236.] The doctrine is elementary. Besides, sections 7914 and 7915 declare who may sue for waste. These sections are declaratory of the common law, giving to the heir or reversioner a right of action for waste.

We will not discuss the proposition of defendant, that the plowing up of blue grass is not waste on the authority of Proffitt v. Henderson, supra, that: "It is not waste to convert arable land into meadow, or *vice versa*," in which case defendant had the right to plow up the blue grass sod in the farm, as the plaintiff rests his right to recover upon the waste theory he cannot recover. For the reasons given the cause is affirmed. All concur.