BENJAMIN R. CANADA, Appellant, v. ANNIE C. DANIEL and FRANK H. CANADA, Trustee, Respondents.

**St. Louis Court of Appeals, June 3, 1913.**

1. PLEADING: Parties: Lack of Legal Capacity to Sue: Special Demurrer Necessary. While lack of legal capacity to sue is a ground of demurrer when it appears on the face of the petition, yet this defect cannot be reached by a general demurrer, which goes to the cause of action, but requires a special demurrer, specifically basing the objection to the petition on that ground. [Secs. 1800, 1801, R. S. 1909.]

2. TRUSTS: Parties:. Right of Cestui to Sue: Statute. Sec. 1730, R. S. 1909, which allows the trustee of an express trust to sue in his own name, does not preclude the beneficiary from prosecuting a suit without joining the trustee. .

3. ——: ——: ——. Either the trustee or the *cestui que trust* may sue for the taking or damaging of trust property, and the latter, as being the real party in interest, may maintain . a suit in equity for the benefit of the trust estate and the protection of his own interests; but, as a general rule, the proper complainant to bring a suit against a third party, relative to a trust, is the trustee, and not the *cestui que trust*, except where the trustee neglects or refuses to act, or cannot sue on account of his own fraud or neglect of duty, or has acquired an adverse interest, and is made a party defendant.

4. ——: ——: ——: Refusal of Trustee to Act. A *cestui que trust*, suing to protect the trust estate upon the refusal or neglect of the trustee to bring suit, must allege and prove a demand on the trustee to sue and his refusal to do so.

5. ——: ——: ——: ——: Facts Stated. A will bequeathed an interest in testator's estate to trustees, in trust for his daughter, with directions to pay the income to her for life, and upon her death, one-half of the principal to go to testator's other children and the other half to be held in trust for the *cestui que trust's* daughter, at whose death without issue, such part was to be paid to testator's heirs. The daughter of the *cestui que trust* died without issue. In an action against the *cestui que trust* and the trustee, by one of testator's heirs, to require the former to restore trust funds, the petition alleged that the various trustees who, from time to time, had charge of the trust estate had wrongfully paid to defendant *cestui que trust* all but a small portion of the principal of the trust fund;

Canada v. Daniel.

that, with the exception of plaintiff, all of the heirs of testator had assigned to her their interest in the remainder of the trust estate created by the will; and that the defendant trustee refused against the *cestui que* trust for the restoration of the trust funds. *Held*, under these allegations, that inasmuch as plaintiff was beneficially interested in the trust estate, he could, because of the refusal of the trustee, maintain the suit; such right not being vitally affected by the question of whether his interest in the trust fund was vested or contingent.

6. **REMAINDERS: Injury to Estate: Right of Contingent Remainderman to Sue.** A contingent remainderman is entitled to equitable relief wherever such relief is necessary to protect his interest against loss or injury. His rights and remedies are necessarily more extensive in equity than at law, for, while he cannot recover damages for that which may never become his, he may prevent its destruction.

7. **TRUSTS: Trustee Ex Maleficio: Liability to Cestui.** A legatee under a testamentary trust, who received from the trustee moneys to which she was not entitled, under circumstances charging her with full notice of their trust character, and in express violation of the terms of the trust, became, as to such moneys, a trustee *ex maleficio* and liable to the party rightfully entitled thereto.

8. **——: ——: ——: Right of Cestui to Sue.** Where the legal trustee fails and refuses to undertake to recover trust property as against a trustee *ex maleficio*, the *cestui que trust* has the right to maintain an action in equity to recover the same.

9. **REMAINDERS: Perpetuities.** A will bequeathed an interest in testator's estate to trustees, in trust for his daughter, with directions to pay the income to her for life, and upon her death, one-half of the principal and to go to testator's other children and the other half to be held in trust for the *cestui que trust's* daughter at whose death without children, such part was to be paid to testator's heirs. *Held*, that the remainder created was not void as violating the rule against perpetuities.

10. **PLEADING: Statute of Limitations: Special Demurrer.** The defendant may take advantage of the Statute of Limitations by demurrer, when the face of the petition shows the bar to be complete, but, under Sec. 1801, R. S. 1909, requiring a demurrer to distinctly specify the grounds of objection to the pleading, the demurrer should be a special one, distinctly specifying the bar of the statute as a ground thereof; and this is true in a suit in equity as well as in an action at law.

11. **STATUTE OF LIMITATIONS: Inapplicability to Trusts.** The Statute of Limitations can never run as between the *cestui que trust* and the trustee, and while, in general, this rule holds good only as between the *cestui que trust* and the trustee, and not as between the *cestui que trust* and the trustee on one side, and strangers on the other, yet the statute does not run as between the *cestui que trust* and a trustee *ex maleficio*.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AND REMANDED (*with directions*).

*Don C. Carter* and *Williams & Williams* for appellant.

(1) Plaintiff has a right to maintain this action. He is a beneficiary in a trust fund. The former trustees have turned over part of the funds to the life tenant contrary to the provisions of the trust. The trustee refused to prosecute the action. Plaintiff, as the beneficial owner of the trust fund, is entitled to relief in equity. 22 Ency. Pl. & Pr. 158; Edwards v. Welton, 25 Mo. 379; Butler v. Lawson, 72 Mo. 227. The statute allowing a trustee of an express trust to sue in his own name does not preclude the beneficiary from prosecuting a suit without joining the trustee. Rogers v. Gosnell, 51 Mo. 466; McComas v. Insurance Co., 56 Mo. 573. (2) If plaintiff's interest in the trust fund is only contingent, he nevertheless has a standing in a court of equity to protect and defend it. Dursley v. Fitzhardinge, 6 Ves. Jr. 251; 15 Ency. Pl. & Pr. 595, note 5.

*Fry & Rodgers* for respondent Annie C. Daniel.

(1) Plaintiff's relief is an action against the trustee for breach of trust. Newton v. Rebenach, 90 Mo. App. 650. (2) The plaintiff has only a conditional beneficial interest in the trust fund and the title was vested in the executors or trustees. Therefore,

this plaintiff cannot maintain an action for spoliation of the trust fund. Gibbons v. Gentry, 20 Mo. 468; Morrow v. Morrow, 113 Mo. App. 444. (3) The petition does not state a cause of action against this defendant. The *cestui que trust* must recover his own property, which he is bound to identify. The mere allegation that the trust fund was wrongfully paid to the defendant, sixteen years before the suit was instituted, does not state a cause of action. Burcher v. Walther, 163 Mo. 461; Pearson v. Haydel, 90 Mo. App. 253; Paul v. Draper, 158 Mo. 197; In re Glover v. Shipley, 101 Mo. App. 725. Where property is turned into money and mixed in a general mass or property the trust ceases. Phillips v. Overfield, 100 Mo. 466; Mayer v. Bank, 86 Mo. App. 422. (4) The purpose of this character of action is to recover the thing, the trust property or fund and have it restored. Plaintiff is not entitled to a personal judgment as for a debt against the defendant. If the trust property or fund cannot be traced into the hands of the defendant and not shown to be in existence and in the hands of the defendant when the suit was instituted, plaintiff cannot have the relief prayed for. The trust has ceased. Bircher v. Walther, 163 Mo. 461; Pearson v. Hay, 90 Mo. App. 253. (5) The will vested the trust fund in the trustees and it was the duty of the trustees to protect the fund. If the trustee wrongfully paid out the funds they or their successors might within ten years institute an action to reinstate the trust and restore the *corpus* of the estate, but such action must be instituted within ten years from the date of right of action. And if the trustee is barred by limitations the *cestui que trust* is also barred, and this is true even though they be minors or married women, or insane persons. Simpson v. Erismer, 155 Mo. 163; Newton v. Rebenack, 90 Mo. App. 659; Walton v. Ketchum, 147 Mo. App. 219; Schiffman v. Schmidt, 154 Mo. 204; Hunter v. Hunter, 50 Mo. 445.

ALLEN, J.—This is a suit in equity by plaintiff seeking to compel the defendant Annie C. Daniel to restore to a trust fund certain moneys alleged to have been wrongfully paid to her by certain trustees and received and retained by her. The trial court sustained a demurrer to the petition, and, plaintiff declining to plead further, final judgment was entered against him, from which he has prosecuted his appeal to this court.

The petition alleges, in substance, that one B. P. Ritchie died testate in 1889, domiciled in Audrain county, Missouri, possessed of a large amount of real and personal property; that deceased left surviving him the following children, to-wit: Wm. H. Ritchie, J. S. Ritchie, Mary L. Long, Lizzie R. Batterson, Sue Canada, and Annie C. Daniel; that the last will and testament of said deceased, duly admitted to probate and established as such last will and testament, among other things provided as follows, to-wit:

"IV. I have heretofore made certain advancements to my children as follows: To William H. Ritchie, J. S. Ritchie, Mary L. Long, Lizzie R. Batterson and to Sue Canada, each the sum of eight thousand dollars, and to Annie C. Daniel the sum of two thousand two hundred and fifty dollars. I wish all my children made equal, and direct that my said daughter Annie C. Daniel have the use as hereinafter provided of an amount out of my estate sufficient to make her equal with my other children; that is to say, Annie C. Daniel shall have the use of five thousand seven hundred and fifty dollars additional to said advancement.

"V. All the rest and residue of my estate (except my banking institution at Sturgeon and the capital, surplus and undivided earnings thereof) I desire and direct shall be equally divided among my said six children as follows: The shares of my two sons shall be held by them absolutely and to their heirs and assigns

forever. The shares of my two daughters, Mary L. Long and Sue Canada, shall be paid to them respectively by my said executors to be held by them, their heirs and assigns absolutely. The share of my daughter, Lizzie R. Batterson, shall be held by the said W. H. Ritchie and J. S. Ritchie or the survivor of them, in trust, for and during her life, and that said trustees pay her five per cent per annum annually on the amount so held in full of all income thereon, and at her death the principal sum to be paid to her heirs. The share of my daughter Annie C. Daniel together with the said sum of five thousand, seven hundred and fifty dollars, shall in like manner be held by said trustees, in trust, and they shall pay her annually during her life five per cent on the amount so held and after her death one-half of the principal sum so held for her use shall go to my other children absolutely or in trust as is herein provided for the residue of my estate, and said trustee shall pay to Edna Daniel daughter of Annie C. Daniel five per cent per annum on the other half of said principal sum so held in full of income on same and at her death the said half of said principal sum shall be paid to her children or their heirs if she have children; if she have no children then such sum shall be paid to my heirs. Provided, however, if at the death of my said daughter Annie C. Daniel she have other children beside the said Edna, then at the death of the said Annie C. Daniel the whole of said principal sum shall be paid to her children share and share alike.''

The petition further avers that the above-named Wm. H. Ritchie and J. S. Ritchie duly qualified as trustees under the will as well as executors thereof, and discharged the duties of such respective offices for a period of time; that thereafter they resigned as such trustees, and one W. J. Long was appointed in their stead by the circuit court of Audrain county; that thereafter said Long likewise resigned, and in like

manner one J. E. Jesse was appointed trustee, also thereafter resigning; and that thereupon the defendant Frank H. Canada was duly appointed such trustee by said circuit court. And it is averred that the said trustee, Frank H. Canada, is made a party defendant herein for the reason that he refuses to join with plaintiff in this suit or ·to prosecute the same in his representative capacity.

The petition further avers that the personal estate of said testator amounted to about the sum of $141,183.23, which amount was to be equally divided among the said six children of the deceased, under the provisions of the will; that the share of the defendant Annie C. Daniel in this amount, together with the sum of $5750, mentioned in item 4 of the will, amounted to about the sum of $29,283, which amount was to be held in trust by said trustees according to the provisions of the will.

It is then averred that the original trustees, W. H. Ritchie and J. S. Ritchie, between the years 1889 and 1896, inclusive, in violation of the terms and provisions of the will of said testator paid to the defendant Annie C. Daniel various and divers sums of money aggregating about $28,376.38, which it is alleged should have been held in trust by said trustees; it being averred that said trustees only held in trust for the use and benefit of defendant Annie C. Daniel the sum of $5750.

The petition further alleges that Sue Canada, one of the daughters of said testator, died some years prior to the institution of this suit, leaving as her only heirs at law this plaintiff, the defendant Frank H. Canada and Ruth Canada; that the said W. H. Ritchie, J. S. Ritchie, Mary L. Long, Lizzie R. Batterson, Edna C. Daniel, Ruth Canada, and Frank H. Canada have all heretofore assigned, released, and conveyed to the defendant Annie C. Daniel all of their right, title and interest in and to the trust fund, to be held in trust in

accordánce with the will of said B. P. Ritchie, and that the plaintiff is now the only remaining beneficiary under said trust.

The petition further alleges that defendant Annie C. Daniel has obtained from the various trustees, who from time to time have had charge of the said trust fund, all of the said fund, except about the sum of $435, which amount remains in the hands of the defendant Frank H. Canada as trustee; and plaintiff avers that there should now be in said trust fund approximately the sum of $2000, which this plaintiff will be entitled to recover upon the death of defendant Annie C. Daniel leaving no child or children.

And it is averred that the defendant Annie C. Daniel is a widow sixty-one years of age, and that she was the mother of but one child, viz., Edna C. Daniel, mentioned in item 5 of the said will, and that the said Edna Daniel died in 1904, without having had issue.

And the plaintiff prays that defendant Annie C. Daniel be required to pay back into the trust fund such sums as may be found necessary to make up the amount which should be in the hands of said trustee, and that the defendant Frank H. Canada as such trustee be required to keep and hold said trust fund and account for the same according to the terms of the last will and testament of said B. P. Ritchie, deceased, and for such other relief as may appear to be just and proper in the premises.

Defendant Annie C. Daniel demurred to the petition for the following reasons: "Said petition does not state facts sufficient to constitute a cause of action against this defendant; said petition does not state a cause of action against the defendant; under the law and the pleadings, plaintiff is not entitled to the relief prayed for as against this defendant; that, under the facts set forth in plaintiff's petition, plaintiff is not entitled to equitable relief against this defendant; that plaintiff has a legal remedy, and is not en-

titled to an equitable relief; that, under the facts set forth in plaintiff's petition, the suit has been instituted against the wrong parties, and there is a defect of parties defendant.'' This demurrer was sustained, final judgment entered thereupon in favor of defendant and against the plaintiff, and the latter appealed.

Counsel for respondents advance many reasons why, as they say, the demurrer was properly sustained by the trial court. One of these is that plaintiff has only a conditional or contingent beneficial interest in the trust fund, the title to which is vested in the trustee; that therefore plaintiff is without legal capacity to sue, the trustee alone being capable of maintaining an action for the protection or preservation of the fund or for spoliation thereof.

Lack of legal capacity to sue is a ground for demurrer when it appears upon the face of the petition (see Sec. 1800, R. S. 1909); but it cannot be reached by a general demurrer, which goes to the cause of action, but requires a special demurrer specifically basing the objection to the petition upon that ground. [See Baxter v. St. Louis Transit Co., 198 Mo. 1, 95 S. W. 856; Y. M. C. A. v. Dubach, 82 Mo. 475; Bliss on Code Pl. (3 Ed.), p. 620, sec. 408.] Section 1801, Revised Statutes 1909, provides: ''The demurrer shall distinctly specify the grounds of objection to pleadings. Unless it does so, it may be disregarded.'' The word ''may'' in the last sentence of this statute has been construed to mean ''should'' (McClurg v. Phillips, 49 Mo. 315), and the statute has been given a strict construction by our courts. [See Zeideman v. Molasky, 118 Mo. App. l. c. 122, 94 S. W. 754.]

The demurrer interposed by defendant Annie C. Daniel goes to the cause of action and attempts to reach other matters of objection, but does not distinctly specify the want of capacity of plaintiff to maintain the suit in his own name as a ground of the demurrer. For this reason alone the latter should not have been

sustained on that ground. We are not persuaded, however, that this defendant can in any way successfully assert a want of capacity in plaintiff to maintain a suit in equity in his own name for the protection and preservation of the trust fund, under the circumstances of the case appearing from the allegations of the petition; and there are reasons why we perhaps should indicate our views on this question at this time rather than let our decision in this respect rest entirely upon the failure to demur specially.

Our statute (Sec. 1729, R. S. 1909) provides that "every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in the next succeeding section." The next section provides that "an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute may sue in his own name without joining with him the person for whose benefit the suit is prosecuted." However, the statute allowing a trustee of an express trust to sue in his own name does not preclude the beneficiary from prosecuting a suit without joining the trustee. [See Rogers v. Gosnell, 51 Mo. 466; McComas v. Insurance Co., 56 Mo. 573; Chouteau v. Boughton, 100 Mo. 411, 13 S. W. 877; Rothwell v. Skinker, 84 Mo. App. 169.] It is well settled that for the taking or damaging of trust property either the trustee or the beneficiary may sue. [See Barton Bros. v. Martin, 60 Mo. App. 357.] Indeed, the general rule is that the *cestui que trust,* as being the real party in interest, may maintain a bill in equity for the benefit of the trust estate and the protection of his interests. "So where the trustee refuses to sue either at law or in equity, for the protection of the trust estate, the *cestui que trust* may come into equity and maintain a bill for relief, as otherwise he would be without a remedy. But, as it is the duty of the trustee to protect the trust estate, the *cestui que trust* cannot maintain the suit without an allegation and proof of a demand

on the trustee to sue and a refusal on his part to do so." [22 Ency. Pl. & Pr. 158, and authorites cited.]

The general rule on this subject, and abundantly supported by the authorities, is stated in Cyc. as follows: "As a general rule the proper complainant to bring a suit against a third party, relative to a trust, such as for the recovery of trust property, is the trustee, and not the *cestui que trust, except where the trustee neglects or refuses to act, or cannot sue on account of his own fraud or neglect of duty, or has acquired an adverse interest, and is made a party defendant."* (The italics are ours.) [39 Cyc. 614.]

We entertain no doubt whatsoever as to the right of plaintiff to maintain a bill in equity for the protection and preservation of the trust estate in which he is beneficially interested and as to which he is in fact the real party in interest, where the trustee refuses to act. And it is here alleged that the trustee refuses either to bring the action himself or to join with plaintiff herein. Certainly the plaintiff is not bound to stand idly by and see the trust fund paid out, and perhaps consumed and dissipated, because of the refusal of his trustee to perform his duty. Nor do we think that the right of one in the position of plaintiff to maintain an action of this character is vitally affected by the question as to whether his interest in the trust fund is a vested or a contingent one, as is insisted by counsel for respondents. In general, a remainderman is entitled to equitable relief whenever necessary to protect his interest against loss or injury. The rights and remedies of a contingent remainderman are necessarily much more extensive in equity than at law. "While he will not be allowed to recover damages for that which may not be his, he should be allowed to prevent the destruction of that which may become his." [16 Cyc. 658, 659; Taylor v. Adams, 93 Mo. App. 277.] Thus a contingent remainderman may not maintain an

175 Mo. App. 5

action for waste, although he is entitled to have his contingent interest protected in equity, and an injunction will lie to prevent future waste.

Here plaintiff is not seeking to have paid to him the money alleged to have been wrongfully paid out of the trust fund to the defendant Annie C. Daniel, but to have the same restored to the trust fund to be held in trust and the income thereon paid to the defendant during her lifetime; the *corpus* thereof being kept intact for the purpose of the trust, in accordance with the clear provisions of the will creating the same. That all the other beneficiaries under this trust have seen fit to convey to the defendant Annie C. Daniel their respective interests therein cannot in anywise affect the right of the plaintiff to have the terms of the will carried out, so far as concerns his beneficial interest in the trust fund, and to have the trust executed according to the expressed intent of the testator.

We are referred to Morrow v. Morrow, 113 Mo. App. 444, 87 S. W. 590, as deciding that an action such as this cannot be maintained by the *cestui que trust*, but must be brought by the trustee. In that case infant plaintiffs instituted a suit in equity by their curator, seeking to compel money to be refunded to an administrator and held by him so as to be available for the payment of contingent bequests to said infants; such bequests not being payable to the infants unless they survived the period of minority and became of lawful age. It was held that, since no trustee was designated in the will to hold the fund in question, the executor became such trustee; that the plaintiffs, being without legal title during their minority, could not maintain the action by their curator, but that such right resided alone in their trustee. We do not subscribe to all that is said in the opinion in that case, but an examination of the facts of the case discloses that it does not fall within the rule expressed above to the effect that a *cestui que trust* may maintain an action

such as the one before us, where the trustee has refused to act and is made a defendant. In the Morrow case there was no averment of demand upon the trustee to bring the action, or his refusal to do so or to join with plaintiffs therein, and it seems that he was not made a defendant in his representative capacity. This being the case, the decision of the court that the plaintiffs could not maintain their action was within the established doctrine on this subject, for it is primarily the duty of the trustee to protect the trust estate, and the general rule is, that the *cestui que trust* cannot maintain such suit without allegation and proof of a refusal of the trustee to act. Hence, regardless of what was said in the Morrow case, from the facts of the case it is not authority for any different rule of decision on this question than that which we have announced above; and we are cited to no other decision holding to a contrary doctrine in an equity case of this character. For the reasons hereinabove stated, we are convinced that plaintiff is entitled to maintain this action.

Furthermore it must be conceded that, as against the trustee, the *cestui que trust* is the proper party to bring the suit. Here the defendant Annie C. Daniel must be regarded as a trustee *ex maleficio,* for according to the allegations of the petition, she has received from the trustee moneys to which she is not entitled, under circumstances which charge her with full notice of their trust character and in express violation of the terms of the trust created by the will. As to. such moneys she therefore becomes a trustee for plaintiff; and, where the legal trustee fails and refuses to undertake to recover the property, the *cestui que trust* should have the right to maintain a bill in equity to that end.

Counsel for respondents further insist that no cause of action is stated, for the reason that the provision of the will with respect to the remainder in the

trust fund in question violates the rule against perpetuities, which forbids the creation of estates so limited as to take effect at a day more distant than during a life or lives in being and twenty-one years thereafter, with the addition of the usual period of gestation, and that therefore the remainder is void. But we need not dwell upon this, for the mere statement of the rule shows that this provision does not in any manner contravene it, as the estate in remainder is here limited to take effect upon the death of persons in being at the time of the testator's death. [See Shepperd v. Fisher, 206 Mo. l. c. 243, 103 S. W. 989.] Counsel for respondents also urge that the trustee's right to recover from the defendant Annie C. Daniel the moneys alleged to have been improperly paid her appears upon the face of the petition to be barred by limitations, and that as the trustee is barred so is the beneficiary. This contention is based upon the allegations of the petition to the effect that the original trustees paid to Annie C. Daniel the great bulk of this portion of the trust estate between the years 1889 and 1896. In this connection it will be observed that a further portion of the fund appears to have been paid to her later at a time or times not appearing on the face of the petition.

The defendant may take advantage of the Statute of Limitations by demurrer whenever the face of the petition shows the bar to be complete. [Burrus v. Cook, 215 Mo. 496, 114 S. W. 1065; Pineland Mfg. Co. v. Trust Co., 139 Mo. App. 209, 122 S. W. 1133.] But here again we think the demurrer should have been a special one, distinctly specifying the bar of the statute as a ground thereof. Under the statute (section 1801, supra), it has been so held in an action at law (State ex rel. v. Spencer, 79 Mo. 314), and no good reason is perceived why a different rule should obtain in equity. [See Burrus v. Cook, supra.]

But, in any event, we think that this point is not well taken. As between the *cestui que trust* and the

trustee, the Statute of Limitations can never run. It is true that in general this rule holds good only as between the *cestui que trust* and the trustee, and not between the *cestui que trust* and the trustee on one side, and strangers on the other. [See Ewing v. Shannahan, 113 Mo. l. c. 197, 20 S. W. 1065.] However, since the defendant, Annie C. Daniel, under the allegations of the petition, must be held to have become a trustee *ex maleficio,* the statute should no more be allowed to run in her favor against the plaintiff than in favor of the legal trustee. [See Elliott v. Machine Co., 236 Mo. l. c. 567, 139 S. W. 356.]

Other points made are so obviously without merit as to call for no discussion by us. Under the facts averred in the petition, plaintiff should be permitted to maintain the action in his own name; and the petition states a good cause of action for equitable relief. The court therefore erred in sustaining the demurrer thereto.

For the reasons given above, the judgment of the circuit court should be reversed and the cause remanded, with directions to overrule the demurrer, and that the cause proceed to trial, to the end that equity may afford plaintiff such relief as the facts may warrant. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.