**William Todd SERMON and Edith Sermon Selders, Appellants,**

v.

**Dale P. SULLIVAN and John T. Sauro, Respondents.**

**No. WD 32801.**

Missouri Court of Appeals,
Western District.

Aug. 31, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Oct. 5, 1982.

Application to Transfer Denied Nov. 15, 1982.

Cedric Siegfried and Steven M. Gray, Independence, for appellant Sermon.

Joseph R. Colantuono, Polsinelli, White & Schulte, Kansas City, for appellant Selders.

John J. Phillips, Phillips & Ewan, Independence, for respondents.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

William Todd Sermon and Edith Sermon Selders brought an action against Dale P. Sullivan and John T. Sauro seeking dam-

ages for waste, forfeiture of the life estate held by Sullivan and Sauro, the appointment of a receiver, and an injunction against the commission of future waste by the defendants under § 537.420 to § 537.-520 RSMo.1978. The court issued an injunction enjoining Sullivan and Sauro from allowing or causing any further damage to the improvements or soil of the farm and ordered that the heating plant of the residence be restored, that all disconnected plumbing fixtures be reconnected, that all gutters and soffits of the house be repaired, and that all debris be removed.

Sermon and Selders appeal from the denial of damages, the failure to order forfeiture of the life estate, and the refusal to appoint a receiver. No appeal from the entry of the injunction has been taken. Sermon and Selders contend that their claims for damages, forfeiture, and the appointment of a receiver are not barred because of the fact that they are contingent remaindermen. Affirmed.

There is no dispute as to the basic facts. In 1946 the parents of Martha Edith Sermon deeded the 196 acre farm now in question to her for life "with the remainder to the heirs of her body." At the time of the conveyance Martha Sermon was married to William H. Sermon, who had died by the time of trial. Martha had three children, William Todd Sermon, Edith Sermon Selders, and Raymond Sermon. Martha conveyed her life estate by quit claim deed in January 1974, to the Holy Christian Sanctuary Church Union, a Delaware not-for-profit corporation, operated and controlled by Raymond Sermon. Raymond Sermon also conveyed his one-third contingent remainder interest to the same church. The church, in April 1976, conveyed the life estate of Martha and the one-third contingent remainder of Raymond to Dale P. Sullivan and John T. Sauro. Sullivan and Sauro have admitted they are investors and land speculators.

The evidence revealed there was a large family home located on the farm which had been built in 1870. It was remodeled in the 1920's and again in 1965, 1966, and 1967.

Other improvements on the land included a large hay barn, two metal out buildings, various small buildings, and two lakes. The evidence further demonstrated that the family home, out buildings, and the entire farm deteriorated considerably after Sullivan and Sauro acquired their interest in 1976. There was also evidence that some trees had been cut.

The parties have agreed that William and Edith are contingent remaindermen because Martha was still alive at the time of trial, and the heirs of her body who will succeed to the title can not be determined until her death. The trial court took the view that because William and Edith were contingent remaindermen, the only relief to which they were entitled was an injunction to prohibit future waste and to cause certain immediate repairs to be made to the house. William and Edith contend, however, that they are not barred from damages, the appointment of a receiver, and invoking a forfeiture on the ground that they are contingent remaindermen.

The trial court was correct in denying the claims for damages, the appointment of a receiver and forfeiture of the life estate, under § 537.430. This section provides that an action for waste may be maintained by one who has the remainder or reversion in fee simple, and by one who has a remainder or reversion for life or years only. The section does not authorize an action by contingent remaindermen. Under the common law, contingent remaindermen were never entitled to maintain an action for damages from waste. Annotation 56 A.L.R.3d 677, 679 § 2 (1974). In *Mize v. Burnett,* 162 Mo.App. 441, 145 S.W. 150, 151[2] (1912) this court held that the section was declaratory of the common law and gave to the heir or reversioner a right of action of waste. The court in *Canada v. Daniel,* 175 Mo.App. 55, 157 S.W. 1032, 1035[4–6] (1913) stated:

"The rights and remedies of a contingent remainderman are necessarily much more extensive in equity than at law. 'While he will not be allowed to recover damages for that which may not be his, he should be allowed to prevent the destruction of

that which may become his.' 16 Cyc. 658, 659; *Taylor v. Adams,* 93 Mo.App. 277. Thus a contingent remainderman may not maintain an action for waste, although he is entitled to have his contingent interest protected in equity, and an injunction will lie to prevent future waste."

The rule announced in *Canada* which bars contingent remaindermen from bringing an action for damages, forfeiture, or the appointment of a receiver, has not been questioned under the long standing law of this state. Thus, William and Edith, as contingent remaindermen, are not entitled to damages for waste, the appointment of a receiver to receive such damages, or to invoke forfeiture of the life estate. Annotation 56 A.L.R.3d 677, 681, § 3 (1974).

The judgment is affirmed.

All concur.